### AMERICAN CHAIN CO. v. EATON, Collector of Internal Revenue.
#### Nos. 3360, 3371, 3421.

District Court, D. Connecticut.
Feb. 5, 1931.

Long, Chamberlain & Nyce, of Washington, D. C., and David S. Day, of Bridgeport, Conn., for plaintiff.

John Buckley, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn., for defendant.

THOMAS, District Judge.

These cases are before the court on defendant's motions to dismiss all three suits, which are actions at law brought against the internal revenue collector to recover, in each instance, a manufacturer's excise tax paid by the plaintiff, a manufacturer of chain grips, under the provisions of sections 900 (3) of the Revenue Act of 1921 (42 Stat. 291) and 600 (3) of the Revenue Act of 1924 (26 USCA § 881 note), for the taxable periods from January to December, 1923, inclusive, July to December, 1922, inclusive and from January to June, 1924, inclusive, in the amounts of $352,111.51, $183,365.49, and $105,031.43, respectively.

While the motions to dismiss do not, in terms, challenge the jurisdiction of this court, nevertheless they must be so regarded to escape denial eo instanti. In this jurisdiction the method of attacking the sufficiency of a pleading is by demurrer; and as these are all actions at law, the practice of the Connecticut courts governs. However, in spite of his failure to clearly and definitely allege, in his motions, that this court has no jurisdiction either of the parties or of the subject-matter, the defendant has in his brief expressly taken the position that these motions address themselves, not to the sufficiency of the complaints, but to the scope of our jurisdiction, and we may therefore overlook the inartificial phrasing of the motions which read:

"1. The provisions of Section 424 of the Revenue Act of 1928 deprive plaintiff of its privilege of refund of manufacturer's excise tax, paid or collected under the provisions of Section 900 (3) of the Revenue Act of 1921, in an action instituted subsequent to April 30, 1928.

"2. The provisions of Section 424 of the Revenue Act of 1928 deprive plaintiff of its privilege of instituting and maintaining an action for the recovery of manufacturer's excise tax, paid or collected under the

provisions of Section 900 (3) of the Revenue Act of 1921, subsequent to May 29, 1928, the effective date of such Act."

"3. The provisions of Section 424 of the Revenue Act of 1928 vest a discretionary power in the Commissioner of Internal Revenue which this Court is without jurisdiction to review.

"4. The provisions of Section 424 of the Revenue Act of 1928 provide an exclusive remedy for the recovery of manufacturer's excise tax paid or collected under the provisions of Section 900 (3) of the Revenue Act of 1921."

Before inquiring into the cogency of these assertions, let us briefly restate the material allegations of the complaint. The plaintiff, a corporation organized under the laws of the state of New York, with its principal office in Bridgeport, in this district, brings these actions against the defendant, a citizen of the United States and a resident of the state of Connecticut, to recover a sum in excess of $3,000 alleged to have been unlawfully received by the defendant. Whether these actions be regarded as one ex delicto or ex contractu, whether they are justified under the revenue laws of the United States or under the principles of the common law, or whether they are untenable on any known theory, is not the question before me. We are not now examining the sufficiency of the allegations to make out a cause of action. What we have here is a claim for a money recovery in excess of the jurisdictional amount of $3,000 set forth in an action at law brought by a citizen of the state of New York against a resident of the state of Connecticut. It can hardly be denied that there is enough alleged upon which to found jurisdiction, even if there be nothing more than a jurisdiction to dismiss for failure to state a cause of action.

But jurisdiction need not rest upon a diversity of citizenship which, after all, happens here to be but a fortuitous incident. The plaintiff alleges that it is a manufacturer of chain grips for automobile tires and other commodities and that the chain grips were used on tires of all kinds of automotive vehicles, many of which were not subject to the excise tax on automobiles within the purview of section 900 (3) of the Revenue Act of 1921. The plaintiff, however, paid the 5 per cent. tax on its sales assessed against it on the invoice price of all tire chain grips, which tax was not passed, directly or indirectly, on to the purchasers of said chain grips which fact had been established to the satisfaction of the Commissioner of Internal Revenue. There are the usual allegations of the filing of a claim for refund and the disallowance of the claim by the Internal Revenue Commissioner.

The first objection urged to the jurisdiction of the court is that section 424 of the Revenue Act of 1928 (26 USCA § 2424 and note) deprived the "plaintiff of its privilege of refund * * * in an action instituted subsequent to April 30, 1928." With the accuracy of this, as a statement of law, I am not now concerned. I should say that, conceding its validity, it furnishes no basis for attacking the jurisdiction of the court. It embodies either a criticism of the sufficiency of the complaint or a defense in the nature of the statute of limitations. There is nothing either in the text of the statute itself, or in its rather free rendering, in the language of the defendant's objection, which even remotely restricts the grant of jurisdiction legislated to this court and delimited in the United States Judicial Code.

The second objection is identical with the first, excepting that the limitation is fixed at May 29, 1928, instead of April 30, 1928.

The third objection alleges that the Commissioner of Internal Revenue has sole discretion in the matter of refunding the excise tax, which discretion is not subject to judicial review. But this again, in its essence, is an objection to the sufficiency of the case made out by the plaintiff rather than a critique of our jurisdiction. If, however, it is intended to assert that section 424 of the Revenue Act of 1928 (26 USCA § 2424 and note) embodies a prohibition against the exercise of a jurisdiction elsewhere granted, then I overrule this contention. I find nothing in the language of that statute which expressly, or by implication, warrants such a conclusion. At most, the statute presents a perfect defense to such an action, or, perhaps, a good ground for dismissing for insufficiency. The same observation applies to the fourth ground set forth in the motion.

The defendant cites and relies upon Sterling Spring Company v. Routzahn, decided May 8, 1929, by Judge Jones in the Northern District of Ohio.[1] A reading of the opinion in that case leaves this court somewhat uncertain as to whether the learned judge intended to hold that the District Court had no jurisdiction to entertain the action or that the complaint was insufficient in law. The ground of the motion

---

[1] Oral opinion.

to dismiss was that "recovery is precluded under Section 424, etc." It is elementary that such an attack goes to the merits of the alleged cause of action and not to the jurisdiction of the court in the premises. If that decision was intended as a pronouncement on jurisdiction, then I am constrained to disagree with it.

In a later decision in the same district rendered in Willard Storage Battery Co. v. Routzahn,[2] Judge West referred to the Sterling Spring Case and took pains to announce that Judge Jones had, in conference with him, declared that his decision was not to be regarded as the law of the district. In the Willard Storage Battery Case Judge West reached an opposite conclusion, and in so far as that conclusion sustains the jurisdiction of the court, I am in accord with it. See, also, Boyle Valve Company v. United States (Ct. Cl.) 38 F.(2d) 135; Jefferson Electric Manufacturing Co. v. United States (Ct. Cl.) 38 F.(2d) 139, where it was held by the Court of Claims that section 424 of the Revenue Act of 1928 did not prevent the filing of suits under the General Refund Act, and that the action of the Commissioner of Internal Revenue under section 424 was not conclusive and that the taxpayer, after the rejection of the claim, could maintain a suit in court for refund.

At this time I express no opinion on the sufficiency of the complaint. The occasion for that will arise if and when the proper procedure has been invoked. There is no question raised here but one of jurisdiction and none other is decided. It follows, therefore, that all three motions to dismiss in each instance are denied.

Submit order accordingly.