## ANARGYROS v. EDWARDS, Collector of Internal Revenue.

District Court, S. D. New York. October 14, 1927.

1. **Internal revenue** ⬤═9(25)—Special excise tax on manufacturers of cigarettes held not affected by fact that product was exported (Revenue Act 1918, § 1002 [Comp. St. § 5980p]; 26 USCA § 785).

Revenue Act 1918, § 1002 (Comp. St. § 5980p), imposes "the following special taxes, the amount of such taxes to be computed on the basis of the sales for the preceding year: * * * Manufacturers of cigarettes * * * shall each pay at the rate of 6 cents for every ten thousand cigarettes or fraction thereof." *Held*, that such tax is a special excise tax on the occupation, measured by the product, and not a tax on the product, and that Act Aug. 4, 1886 (Comp. St. § 6194 [26 USCA § 785]), does not entitle a manufacturer to a reduction of the tax because some of his product was exported.

2. **Commerce** ⬤═77—Tax on manufacturers of cigarettes for export is not "tax on exports" (Const. art. 1, § 9, cl. 5).

Such tax is not a "tax on exports," within the meaning of Const. art. 1, § 9, cl. 5.

At Law. Action by S. Anargyros against William H. Edwards, Collector of Internal Revenue for the Second District of New York. On motion to dismiss amended complaint. Granted.

Lord, Day & Lord and Franklin Grady, all of New York City, for plaintiff.

Charles H. Tuttle, U. S. Atty., and Samuel C. Coleman, Asst. U. S. Atty., both of New York City, and E. E. Angevine, Atty., Bureau of Internal Revenue, of Washington, D. C., for defendant.

GODDARD, District Judge. Motion to dismiss the amended complaint in an action brought to recover from William H. Edwards, former collector of internal revenue, the sum of $17.10 paid as a tax under protest. The plaintiff, during the period beginning July 1, 1920, and ending June 30, 1921, was engaged in the manufacture and sale of cigarettes. On July 27, 1921, the plaintiff paid the tax which the collector claimed and demanded as then due and payable by the plaintiff under the provisions of section 1002 of title 10 of the Revenue Act of 1918, approved February 24, 1919 (Comp. St. § 5980p).

The plaintiff alleges (and for the purposes of this motion the allegations set forth in its complaint are to be regarded as the facts) that the collector, in computing the tax, included in the total of cigarettes sold by plaintiff cigarettes which it had manufactured and exported during the fiscal year

beginning July 1, 1920, and ending June 30, 1921. Plaintiff contends that the tax collected from it is excessive in the said amount of $17.10, on the ground that this amount represents the tax upon exported cigarettes, and is therefore contrary to section 6194 of the Compiled Statutes (26 USCA § 785), which provides that manufactured tobacco, snuff, and cigars may be exported without payment of tax.

The Revenue Act of 1918, approved February 24, 1919 (40 Stat. 1057 [Comp. St. § 5980p]·), in title 10, "Special Taxes," provides in part as follows:

"Sec. 1002. That on and after January 1, 1919, there shall be levied, collected and paid annually, in lieu of the taxes imposed by section 408 of the Revenue Act of 1916, the following special taxes, the amount of such taxes to be computed on the basis of the sales for the preceding year ending June 30: * * * Manufacturers of cigarettes, including small cigars weighing not more than three pounds per thousand, shall each pay at the rate of 6 cents for every ten thousand cigarettes, or fraction thereof. In arriving at the amount of special tax to be paid under this section, and in the levy and collection of such tax, each person engaged in the manufacture of more than one of the classes of articles specified in this section shall be considered and deemed a manufacturer of each class separately."

Under this same title 10, relating to "Special Taxes," is section 1000 (Comp. St. § 5980n) which imposes a capital stock tax upon corporations in the nature of a special excise tax of $1 for each $1,000, of the fair average value of the capital stock of the corporation, and section 1001 (Comp. St. § 5980o), which imposes a "special tax" upon certain persons in certain enumerated occupations, such as brokers, upon whom a tax of $50 per annum is imposed; proprietors of theaters, upon whom a tax of from $50 to $200 is imposed, according to the seating capacity of the theater; pawnbrokers, being taxed $100; brewers, distillers, liquor dealers, and manufacturers of stills, being taxed $1,000, etc.

Section 1005 of title 10 provides: "Any person who carries on any business or occupation for which a special tax is imposed by sections 1000, 1001, or 1002, without having paid the special tax therein provided, shall, besides being liable for the payment of such special tax, be subject to a penalty of not more than $1,000, or to imprisonment for not more than one year, or both." U. S. Compiled Statutes 1916, Annotated 1919 Supp. vol. 1, p. 1197, § 5980s.

[1] The plaintiff's contention is that, under the provisions of section 8194 of the Compiled Statutes its manufactured cigarettes may be exported without the payment of the tax imposed under section 1002. Section 6194, U. S. Comp. Stat. (Act August 4, 1886, § 1, 24 Stat. 218 [26 USCA § 785]), reads: "* * * Manufactured tobacco, snuff, and cigars may be removed for export to a foreign country without payment of tax, under such regulations, and the making of such entries, and the filing of such bonds and bills of lading as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe."

Under section 6197, U. S. Comp. Stat. (26 USCA § 822): "Cigarettes and cheroots shall be held to be cigars under the meaning of this chapter."

The question is whether the tax imposed by section 1002 is a tax upon cigarettes, or a tax upon the manufacturer of cigarettes, which is fixed or measured by the number of cigarettes manufactured and sold during a specified period.

It seems to me, from the reading of the sections set forth above and the others relating to the subject, that Congress imposed taxes of two kinds: One, a tax on the product; the other, a special tax on certain enumerated occupations, such as broker, proprietor of a theater, liquor dealer, and including that of manufacturer of cigarettes. The last paragraph of section 1002 states:

"Each person engaged in the manufacture of more than one of the classes of articles specified in this section shall be considered and deemed a manufacturer of each class separately."

That the "special tax" was a tax on the occupation, as distinct from a tax on the product, is further emphasized by section 1005, wherein it states: "Any person who carries on any business or occupation for which a special tax is imposed by sections 1000, 1001, or 1002, without having paid the special tax * * * shall, besides being liable for the payment of such special tax, be subject to a penalty * * * or to imprisonment."

The amount of this special tax is measured by the amount of sales per year. Congress might have made it a flat tax, but apparently, with the idea of imposing an excise tax upon certain occupations and adjusting the amount of the tax to the size of the business, it based the tax on the number of cigars or cigarettes sold. Such a tax is valid. Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312. The tax is not on the income; it is

an excise tax on the privilege of carrying on the occupation of manufacture of cigarettes, measured by the amount of its sales.

[2] It is also urged by plaintiff that, as the cigarettes in question were manufactured for and actually exported, the tax based upon the amount of business done is a tax upon exports, and therefor contrary to the constitutional provision that "no tax or duty shall be laid on articles exported from any State." Article 1, § 9, cl. 5.

In Cornell v. Coyne, 192 U. S. 418, at page 427, 24 S. Ct. 383, 384 (48 L. Ed. 504) it was stated that "the true construction of the constitutional provision is that no burden by way of tax or duty can be cast upon the exportation of articles, and does not mean that articles exported are relieved from prior ordinary burdens of taxation which rest upon all property similarly situated. The exemption attaches to the export and not to the article before its exportation."

The tax here involved affects exportation only indirectly, and seems to be too remote to be regarded as a tax on exports. It applies uniformly to manufacturers of cigarettes whether their product be sold for domestic consumption or for export. Peck v. Lowe, 247 U. S. 165, 38 S. Ct. 432, 62 L. Ed. 1049; National Paper & Type Co. v. Edwards (D. C.) 292 F. 635, affirmed 270 U. S. 630, 46 S. Ct. 335, 70 L. Ed. 770.

That Congress did not intend to exempt manufacturers of cigarettes sold in export from the tax imposed by section 1002 of title 10 of the Revenue Act of 1918 is further indicated by the fact that section 1310 (c), being 26 USCA § 1263 (Comp. St. § 6371½-k[c]) exempted articles from the taxes imposed by titles 6, 7, and 9 of that act, and did not include the exemption of manufactures of cigarettes sold in export from the tax imposed by title 10 of the same act. Section 1310 (c) provided as follows:

"Under such rules and regulations as the Commissioner with the approval of the Secretary may prescribe, the taxes imposed under the provisions of titles VI, VII, or IX shall not apply in respect to articles sold or leased for export and in due course so exported. Under such rules and regulations the amount of any internal revenue tax erroneously or illegally collected in respect to exported articles may be refunded to the exporter of the article, instead of to the manufacturer, if the manufacturer waives any claim for the amount so to be refunded."

Title 6 provided for a tax upon all distilled spirits produced in or imported into the United States—obviously a tax upon the article itself, and not upon the manufacturer or importer.

Title 9 provides for a large number of excise taxes, to be collected and paid by the manufacturer upon the sale of numerous articles sold in ordinary commerce, and obviously is a tax upon the articles, and not upon the manufacturer.

Title 7 is entitled "Tax on Cigars, Tobacco, and Manufactures Thereof." The pertinent part of section 700 (a) of this title (Comp. St. § 6204c) reads as follows:

"That upon cigars and cigarettes manufactured in or imported into the United States, and hereafter sold by the manufacturer or importer, * * * the following taxes, to be paid by the manufacturer or importer thereof: * * * On cigarettes made of tobacco, or any substitute therefor, and weighing not more than three pounds per thousand, $3 per thousand; weighing more than three pounds per thousand, $7.20 per thousand. * * * *"

From this it appears that under this title of the Revenue Act of 1918 a tax upon cigarettes manufactured and sold was imposed, and not a tax imposed upon the manufacturers of cigarettes, as provided under title 10.

The Revenue Act of 1921, in the corresponding section of 1002, contained the following addition:

" * * * In computing under this section the amount of annual sales no account shall be taken of tobacco, cigars, or cigarettes, sold for export and in due course so exported." Section 5980p (Act Nov. 23, 1921, c. 136, § 1002, 42 Stat. 297).

Counsel for plaintiff urges that this was merely added to make the old section doubly clear, though really unnecessary; but it seems to me that a new method of computing the tax has been provided for in the 1921 act which was not permitted under the act of 1918, and, as it is the 1918 act that applies to plaintiff's action, the motion to dismiss the complaint should be granted.