## BOYLE VALVE CO. v. UNITED STATES.
### No. K—66.

Court of Claims.
Feb. 10, 1930.

James S. Y. Ivins, of Washington, D. C. (Holmes, Brewster & Ivins, of Washington, D. C., on the brief), for plaintiff.

Ralph C. Williamson, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, GREEN, and GRAHAM, Judges.

LITTLETON, Judge.

Plaintiff instituted this suit February 27, 1929, to recover $3,666.29, excise tax, with interest. The defendant demurs to the petition upon the ground that the facts set forth in the petition do not state a cause of action within the jurisdiction of this court, under section 424 of the Revenue Act of 1928 (45 Stat. 866).

During the years 1923 to 1926, inclusive, plaintiff manufactured and sold valves of various sizes adaptable to and used in many different kinds of machinery. The tax in question was collected under section 903, Revenue Act of 1921, and section 603, Revenue Act of 1924, which imposed a tax on automobile parts or accessories sold by a manufacturer. Plaintiff sold valves to jobbers and wholesale dealers. The Commissioner of Internal Revenue held that it was taxable upon those sales and required it to pay a tax of $1,559.22 for 1923, $410.83 for the period January 1 to July 22, 1924, $558.44 for the period September 1 to December 31, 1924, $934.91 for 1925, and $202.89 from January 1 to March 20, 1926. Payment of the tax was made to the collector, at Chicago, Ill., the last day of each month following the month in which the sales were made.

December 20, 1926, and within the time prescribed by law, the plaintiff filed two claims for refund, one for $1,970.05, or such greater amount as might be legally refundable, covering the tax paid for the period January 1, 1923, to July 22, 1924, inclusive, and another for $1,696.24, or such greater amount as might be legally refundable, for the tax paid during the period September 1, 1924, to March 20, 1926, inclusive; the basis of the refund claims being that the tax was paid on the sale of valves and other articles erroneously taxed as parts or accessories when they were ordinary commercial articles and not subject to the manufacturers' excise tax.

On December 6 and December 27, 1927, both dates being within two years prior to the institution of this suit, the Commissioner rejected the claims for refund. The reasons given by the Commissioner for the rejection of the refund claims were that the only appropriation available for refunding a tax on automobile parts or accessories was that authorized by the act of February 28, 1927 (44 Stat. 1254), no part of which was available for making refunds unless the manufacturer was able to comply with its terms; that is, the giving of a bond specified in the proviso of the act conditioned upon the immediate repayment to the United States of such portion of the amount refunded as should not be distributed within six months after date of the payment of the refund to the person who purchased, for purposes of consumption, the articles in respect of which the refund is

made, and, since it appeared that plaintiff could not comply with the terms of the statute because that, in the transactions forming the basis of its claims for refund, the tax was not passed on to consumer, but was paid by plaintiff, no refund could be made.

No portion of the tax paid by plaintiff was billed separately or otherwise passed on to the jobbers or wholesalers to which it sold its valves, nor was any portion of the tax borne by those who purchased the articles for consumption, but, on the contrary, the tax was wholly absorbed and paid by the plaintiff out of its own funds without any reimbursement whatever therefor. Plaintiff neither sold its valves to nor has it any information with respect to the persons who purchased the valves for purposes of consumption. Section 424(a) of the Revenue Act of 1928 (45 Stat. 866; 26 USCA § 2424) provides as follows:

"No refund shall be made of any amount paid by or collected from any manufacturer, producer, or importer in respect of the tax imposed by subdivision (3) of section 600 of the Revenue Act of 1924, or subdivision (3) of section 900 of the Revenue Act of 1921 or of the Revenue Act of 1918, unless either—

"(1) Pursuant to a judgment of a court in an action duly begun prior to April 30, 1928; or

"(2) It is established to the satisfaction of the Commissioner that such amount was in excess of the amount properly payable upon the sale or lease of an article subject to tax, or that such amount was not collected, directly or indirectly, from the purchaser or lessee, or that such amount, although collected from the purchaser or lessee, was returned to him; or

"(3) The Commissioner certifies to the proper disbursing officer that such manufacturer, producer, or importer has filed with the Commissioner, under regulations prescribed by the Commissioner with the approval of the Secretary, a bond in such sum and with such sureties as the Commissioner deems necessary, conditioned upon the immediate repayment to the United States of such portion of the amount refunded as is not distributed by such manufacturer, producer, or importer, within six months after the date of the payment of the refund, to the persons who purchased for purposes of consumption (whether from such manufacturer, producer, importer, or from any other person) the articles in respect of which the refund is made, as evidenced by the affidavits (in such form and containing such statements as the Com-

missioner may prescribe) of such purchasers, and that such bond, in the case of a claim allowed after February 28, 1927, was filed before the allowance of the claim by the Commissioner."

Subsection (b) of this section (45 Stat. 866; 26 USCA § 2424, note) repealed the second proviso in section 1 of the first deficiency act for the fiscal year 1928, 45 Stat. 30, and the second proviso of the fourth paragraph in section 1 of the Treasury and Post Office appropriation act for the fiscal year 1929, 45 Stat. 169.

The position of the defendant is that under section 424 the plaintiff cannot maintain this suit, because it prevents the institution of a suit, after April 30, 1928, for the recovery of a tax paid under the Revenue Acts of 1918, 1921, and 1924; that paragraph 2 of subsection (a) grants exclusive power to the Commissioner to exercise discretion and final jurisdiction in respect of the tax in question in all cases where suit was not instituted prior to April 30, 1928. Plaintiff insists that under paragraph 2 of subdivision (a), section 424, it is clearly entitled to a refund, that the act does not vest discretionary powers in the Commissioner, that it was not intended to allow the Commissioner arbitrarily to refuse a refund on the ground that a certain fact had not been established to his satisfaction, and, by this proviso, to prevent the taxpayer from obtaining a refund by suit in court when the evidence all showed that the taxpayer came within the exception of the statute and the Commissioner had refused to consider it. Finally, plaintiff claims that, if section 424 denies it the right to a refund to which it would otherwise be entitled, because its suit for refund was not begun prior to April 30, 1928, the section is unconstitutional. It is pointed out that at the time of the enactment of the Revenue Act of 1928, in May, 1928, plaintiff had at least a year and six months within which to bring suit. It is insisted that, while Congress may shorten the period of limitation, provided it gives the plaintiff reasonable time to sue, the exercise of this power is subject to the condition that a reasonable time, taking all the circumstances into consideration, be given by the new law for the commencement of an action before the bar takes effect. That, in this instance, Congress shortened the statute of limitation to April 30, 1928, which date was already a month past when the Revenue Act of 1928 was enacted; that this deprived plaintiff of a day in court, constituted the taking of

property; i. e., its right to judgment, without just compensation and without due process of law. The view we take of the matter makes it unnecessary to pass upon this claim of unconstitutionality. In the opinion of the court the demurrer is not well taken. There is nothing in section 424 that would justify the claim that it reposes in the Commissioner discretion as to whether or not the tax should be refunded, or that it gives him exclusive power and authority to decide whether, under its terms, a refund should be made. The section provides in subdivision (2) that no refund shall be made unless it is established to the satisfaction of the Commissioner that such amount was in excess of the amount properly payable upon the sale of an article subject to tax, or, that the amount was not collected directly or indirectly from the purchaser, or that the amount, although collected from the purchaser, was returned to him. This is merely a requirement that the establishment of the fact required by the statute shall be necessary before any refund can be made. There is nothing discretionary in the Commissioner about it. The words "to the satisfaction of the Commissioner" used in the act were inserted to make it clear that Congress intended that strict proof should be required. But this does not prevent a taxpayer upon the rejection of his refund claim from bringing suit to recover the tax alleged to have been erroneously or illegally collected, and, if he can do so, to establish to the satisfaction of the court whether he is entitled to a refund under the terms of the act. The case of Williamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985, does not support the claim that section 424 makes the question whether an article sold is an automobile part or an accessory discretionary with the Commissioner. The determination whether the tax was collected by the manufacturer directly or indirectly from the purchaser; that is, whether it was added to the purchase price of the article upon the sale of which the tax was imposed, either as a separate item or as a part of the sales price, is an ordinary question of fact; one with respect of which the courts constantly review the Commissioner's determination and one that is involved in almost every suit for refund. It is a question of a type requiring no particular skill or knowledge of accountancy, but merely the ability to weigh evidence and to determine when to believe a witness.

The report of the Ways and Means Committee of the House with reference to section 424 of the Revenue Act of 1928 makes it clear that the purpose of this section was to prevent the refund of excise taxes to a manufacturer when the manufacturer had not paid the tax, but had passed it on directly to the consumer, and had acted merely as a collecting agency; that a refund, under such circumstances, to the manufacturer would unjustly enrich such manufacturer who had not borne the tax but had merely collected it from the persons to whom the articles were sold. After thus stating the purpose of the section, the report of the committee states: "However, there are some cases where refunds should properly be made. Accordingly, section 424 of the new bill provides that judgments of the court should be paid if the action was begun prior to the effective date of the deficiency act. It also provides that refunds may be made whenever the taxpayer can establish to the satisfaction of the commissioner that the amount he paid was excessive (not by reason of the fact that the article was erroneously taxed by reason of the fact that the tax was improperly computed); or that he did not pass the tax on (for example, where at the time of the sale he did not know the article was taxed, or where he was called upon to pay an additional tax after the sale had been made); or that the tax was returned to the purchaser or lessee (for example, where there was an adjustment in the selling price, in accordance with a prior agreement, such as cash discounts, quantity rebates, and wholesale bonuses, or where a sale was rescinded); in all other cases he must comply with conditions similar to those imposed by the proviso in the deficiency act and give a bond conditioned upon the refund of the tax to the ultimate consumer." We think it is clear when the proviso of the deficiency act of December 22, 1927, section 424, Revenue Act of 1928, and the committee report are considered that what Congress intended was that in cases such as we have here no refund of a tax of the character here involved should be made to a manufacturer unless it should be established that he had paid the tax and had not collected any portion thereof directly or indirectly from any one else who may have purchased the articles upon the sale or lease of which the tax was imposed.

In this case we need only to apply the provisions of subsection (a)(2) to the facts, and, when we do so, the statute, under the facts as admitted for the purpose of the demurrer, would entitle the plaintiff to a refund. The section, when applied to this case, provides: "No refund shall be made of any amount paid by * * * any manufactur-

er * * * unless * * * it is established * * * that such amount was not collected, directly or indirectly, from the purchaser." There is nothing in section 424 that was intended to repeal any of the provisions of law with reference to the refund of taxes erroneously or illegally collected, and the provisions of the section are not in conflict with the general provisions of law with reference to the institution of suits for refund of taxes. It was intended by this section that strict proof should be required, and that the tax should not be refunded to and retained by a person who had not borne it. The plaintiff, a manufacturer, sold certain articles, and under the Commissioner's ruling was compelled to pay an excise tax upon such sale. It paid the tax, no portion of which was borne by any one else, and it is established that such articles were not taxable under the excise tax provisions of the statutes in force at the time the sales were made. It would be going beyond the clear language of section 424, to say that, in such circumstances, such tax may not be refunded, or, if a refund is denied, that the manufacturer may not bring suit to recover the tax so paid.

■ At the time the refund claims were filed with the Commissioner in December, 1926, there was no statutory restriction upon their allowance or payment other than the general provisions of law applicable to all claims for refund limiting the time within which claims might be filed and suit brought. Before the Commissioner acted upon the claims the "first deficiency act of 1927," 44 Stat. 1254, was enacted—February 28, 1927. It provided that none of the moneys therein appropriated should be paid for the refund of taxes erroneously collected under section 903 of the Revenue Acts of 1918 (40 Stat. 1123) and 1921 (42 Stat. 293) and section 603 of the Revenue Act of 1924 (43 Stat. 324), unless the taxpayer filed a bond with the Commissioner conditioned upon the distribution of the refund among the purchasers of the articles upon which the tax was collected. This proviso was not intended as a limitation upon the courts to render judgments for taxes erroneously or illegally collected, but was clearly a direction to the Treasury Department that the money therein appropriated should not be used for the payment of refund of taxes collected under the sections of the statute above referred to which had not been borne by the person who remitted the tax to the government and who claimed the refund, without a bond. The Commissioner, under the proviso of the deficiency appropriation act, might well have allowed and paid the refund claimed by this taxpayer instead of rejecting it as he did, because this plaintiff did not come within the proviso of the statute which was intended only to prevent the use of moneys therein appropriated to pay refunds to a manufacturer who had not borne the tax, unless such manufacturer should execute a bond conditioned upon the refund of such tax to the person who had borne it. The holding of the Commissioner that the proviso in the appropriation act prevented the use of the money therein appropriated to pay a refund of a tax admittedly erroneously and illegally collected from one who had borne it was an erroneous construction of the act, and section 424 of the Revenue Act of 1928 made it clear that it was only in those cases where the manufacturer claiming the refund had not borne the burden of the tax, that there were to be additional conditions attached to and certain limitations upon the payment of refund.

Section 424 of the Revenue Act of 1928 made the fact that the tax was *not* passed on by the manufacturer the basis for one of the exceptions to the prohibition against refund. Since the fact that the tax was not passed on was made the ground for the Commissioner's rejection of plaintiff's claim under the appropriation act which had been repealed, it is obviously a proper basis for the allowance of the refund under section 424, provided the plaintiff establishes that the articles sold were not subject to the tax (a fact admitted by the defendant for the purposes of this demurrer).

The demurrer is overruled.

BOOTH, Chief Justice, and WILLIAMS, GREEN, and GRAHAM, Judges, concur.