## JEFFERSON ELECTRIC MFG. CO. v. UNITED STATES.

### No. K—94.

Court of Claims.
Feb. 10, 1930.

Chester A. Gwinn, of Washington, D. C., for plaintiff.

Arthur J. Iles, of Indianapolis, Ind., and Herman J. Galloway, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, GREEN, and GRAHAM, Judges.

LITTLETON, Judge.

This suit, instituted March 25, 1929, is for the recovery of $20,017.58, manufacturers' excise tax, paid under the provisions of sections 900 of the Revenue Acts of 1918 (40 Stat. 1122) and 1921 (42 Stat. 291) and section 600 of the Revenue Act of 1924 (43 Stat. 322) with interest.

The defendant demurs to the petition upon the ground that it does not present a cause of action within the jurisdiction of this court.

The plaintiff, an Illinois corporation with offices at Chicago, is engaged in the manufacture and sale of ignition coils. For the purpose of this demurrer it is admitted that the ignition coils, upon the sale of which the excise tax was collected, were not at the time of the sale, or at any other time, primarily adapted for use only in automobiles, that they were not automobile parts or automobile accessories.

For the period February 24, 1919, to February 26, 1926, inclusive, the plaintiff, pursuant to the requirements of the Commissioner, filed monthly lists of sales of ignition coils, and, in order to avoid the imposition of penalties against it and distraint of its property, paid to the collector at Chicago the manufacturers' excise tax levy on the sale of automobile parts or accessories by the statute mentioned, the total amount of such tax paid for the period mentioned being $68,867.22.

May 11, 1923, plaintiff filed a claim for refund of $48,080.83, the amount of tax paid for the period February 24, 1919, to March 31, 1923. March 25, 1925, it filed a claim for the refund of $15,363.79, being the tax paid for the period April 1, 1923, to December 31, 1924. September 15, 1926, it filed a third claim for refund of $5,051.46, being the tax paid for the period January 1, 1925, to February 26, 1926.

December 10, 1928, the Commissioner of Internal Revenue allowed the first claim filed, May 11, 1923, in the amount of $46,758.53, which he paid to plaintiff by check in the amount of $68,241.58, including interest as provided by law. He rejected the claim in the amount of $1,322.30, being that portion of the tax for the period February 24 to April 30, 1919, which was not borne by plaintiff, but was billed to its customers.

December 13, 1928, the Commissioner allowed the second claim filed March 25, 1925, for $768.76 and on December 19, 1928, a refund check for $1,023.08, which included interest in the amount of $254.30, was delivered to plaintiff. The amount so refunded upon this claim was for the tax paid by plaintiff on account of sales during the month of April, 1923. No action has been taken by the Commissioner upon this claim for other monthly periods embraced therein.

November 22, 1928, the Commissioner rejected the last claim filed on September 15, 1926, because plaintiff declined to give a bond conditioned upon the return to the government of such amount of the tax refunded as was not distributed among the persons who purchased the articles for consumption upon which the sale of the tax was imposed.

The plaintiff paid from its own funds without any reimbursement whatever from any source all of the excise tax, amounting to $68,867.22, for the period February 24, 1919, to February 26, 1926, with the exception of $1,322.30, which the plaintiff added to its invoices and billed to its customers. A considerable portion of the tax, amounting to $1,332.30, the exact amount being unknown, was deducted by plaintiff's customers from invoices rendered when they made payments to plaintiff, and such amounts were never collected by the plaintiff. After plaintiff had followed the practice of adding the tax to the sales price of its ignition coils for about three months it ceased to add the tax to the purchase price or otherwise pass it on to the purchaser of the articles and no longer attempted to collect it from its customers, but the tax was wholly absorbed and paid by the plaintiff, month by month, from its own funds without reimbursement from any source. No portion of the said amount of $1,322.30 is sought to be recovered in this suit.

Defendant insists, in support of the demurrer, that, under section 424 of the Revenue Act of 1928 (45 Stat. 866) the court is without jurisdiction, because the suit was instituted after April 30, 1928; that the plaintiff's right to refund is within the discretion of the Commissioner; and that it has not established to his satisfaction that the tax for the period in question was in excess of the amount properly payable, and that it does not appear that plaintiff has executed a bond as provided by paragraph 3 of subsection (a) of section 424 [45 Stat. 866; 26 USCA § 2424(3)]. Defendant overlooks the fact that the section provides that a refund may be made without a bond if it is shown that the tax was wholly borne and paid by the manufacturer. In such case no bond is necessary under subsection (a) (3).

The plaintiff insists that this section did not make the question whether it was entitled to a refund of excise taxes paid discretionary with the Commissioner of Internal Revenue, nor did it require the filing of a bond if the tax was wholly borne and paid by the manufacturer without reimbursement from the purchaser of the article upon the sale of which the tax was imposed; that if the section makes its right of recovery depend upon the institution of suit prior to April 30, 1928, the section is in violation of the Fifth and Fourteenth Amendments to the Constitution.

For the reasons stated by the court in its opinion in Boyle Valve Co. v. United States (K—66, Ct. Cl.) 38 F.(2d) 135, this date decided, we are of opinion that the defendant's demurrer in this case is not well taken and should be overruled. It is so ordered.

BOOTH, Chief Justice, and WILLIAMS, GREEN, and GRAHAM, Judges, concur.