## McMILLAN v. UNITED STATES.
### No. 42839.

Court of Claims.
April 5, 1937.

854

856

Frederick O. Graves, of Washington, D. C. (Miller & Chevalier, of Washington, D. C., on the briefs), for plaintiff.

Guy Patten, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert H. Jackson, Asst. Atty. Gen., and Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the briefs), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff, trustee of the estate of James McMillan, deceased, seeks to recover the sum of $2,793.50, with interest thereon, internal revenue taxes alleged to have been overpaid for the calendar year 1929. The facts have been stipulated by the parties, and the only question involved is whether the Commissioner of Internal Revenue erred in disallowing a deduction of $15,200 claimed by plaintiff as a partial loss on first mortgage bonds of the Detroit & Port Huron Shore Line Railway Company, and $7,150 loss in respect to bonds of the Detroit, Jackson & Chicago Railway Company, which bonds plaintiff claims were ascertained to be partially worthless, to the extent of the deduction claimed, during the taxable year, and charged off.

The applicable statute is section 23 (j) of the Revenue Act of 1928 (26 U.S.C. A. § 23 note), which reads:

"In computing net income there shall be allowed as deductions: * * *

"(j) Bad Debts. Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part."

Plaintiff in his tax return for the year 1929 made no claim for deduction from income on account of the partial worthlessness of the bonds involved, and there was written off on the books of the estate of James McMillan no loss on account of the worthlessness or partial worthlessness of the bonds until December 31, 1931, on which date $18,500 was written off as a loss on account of the bonds of the Detroit & Port Huron Shore Line Company, which loss includes the sum of $15,200 here claimed as deduction for 1929. On the same date there was written off the books of the estate a loss of $7,150 in respect to the bonds of Detroit, Jackson & Chicago Railway Company, which loss is also here claimed for the year 1929. These charge-offs were for the entire loss sustained by plaintiff in respect to the bonds in question.

In addition to the fact that plaintiff did not claim the deductions now sought for the year 1929 in his tax return for that year, and did not charge off on the books of the estate such partial bad debt losses during that taxable year or within a reasonable time after the close of business for the year, there is nothing in the record to indicate that plaintiff at any time during the year 1929 had ascertained or even estimated the amount of his loss attributable to the fact that the bonds were recoverable only in part or that he had decided to take a partial loss in respect to them for that year. In the claim for refund filed shortly after plaintiff, on December 31, 1931, charged off his entire loss on account of the bonds, plaintiff stated:

"The taxpayer owned during 1929 and still owns bonds of Detroit, Jackson and Chicago Railway Company and Detroit and Port Huron Shore Line Railway Company on which relatively heavy losses have occurred due to the lines having been abandoned. It may be that the Treasury Department may eventually decide that these losses should have been claimed by the taxpayer in its tax return for the year 1929, and this claim is, therefore, filed to protect the interest of the taxpayer. The taxpayer's return for the year 1929 was signed by the trustee, James T. McMillan, who is still acting."

Manifestly this claim is for the total loss on the bonds as shown by the charge-offs on December 31, 1931, and not for the partial loss now asserted for the year

1929. The purpose of the claim was to protect the taxpayer in case the Department should decide that the losses charged off should have been claimed by the taxpayer in his tax return for the year 1929, and was in no way an assertion by plaintiff that the losses now claimed should be deducted from income for that year. In fact, there is nothing in the entire record of the case to show, or indicate, that plaintiff, at any time prior to the filing of the petition on October 30, 1934, asserted the right to have the partial losses in respect to its bonds in the amount claimed deducted from income for the taxable year 1929.

In view of the facts disclosed, it cannot be said that the Commissioner acted arbitrarily or abused the discretion vested in him in section 23 (j) of the Revenue Act of 1928 (26 U.S.C.A. § 23 note) in disallowing plaintiff's claim for refund. In the absence of the abuse of discretion on the part of the Commissioner in rejecting the claim, the court would not be justified in reversing his decision. Boyle Valve Co. v. United States, 38 F. (2d) 135, 69 Ct.Cl. 129; United States v. Jefferson Electric Mfg. Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859; Art Metal Construction Co. v. United States, 17 F.Supp. 854, 84 Ct.Cl. ——, decided January 11, 1937. Plaintiff is not entitled to recover, and the petition is dismissed.

It is so ordered.