**Jack SMITH and Rose Mae Smith, Appellants,**

v.

**Harry C. WESTOVER, former Collector of Internal Revenue, and Robert A. Riddell, Director of Internal Revenue, Appellees.**

**No. 14594.**

United States Court of Appeals Ninth Circuit.

July 23, 1956.

Latham & Watkins, Dana Latham, Richard W. Lund, Henry C. Diehl, Los Angeles, Cal., for appellants.

H. Brian Holland, Asst. Atty. Gen., Loring W. Post, Ellis N. Slack, Robert N. Anderson, Walter Akerman, Jr., Sp. Assts. to Atty. Gen., Laughlin E. Waters, U. S. Atty., Edward R. McHale, Bruce I. Hochman, Asst. U. S. Attys., Los Angeles, Cal., for appellees.

Before STEPHENS, POPE and FEE, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Jack and Rose Mae Smith are husband and wife. Before marriage, Jack Smith had established a successful wholesale shoe business. After marriage, the business was treated as community property. On December 31, 1942, Jack Smith bought out the interest of Rose Mae Smith, giving four promissory notes therefor. On September 29, 1943, two trusts were created for the benefit of the children of Jack and Rose Mae Smith, one in favor of a son then age eleven by

Jack Smith and having as trustee, Rose Mae Smith, and the other in favor of a daughter then age three created by the deposit of certain of the promissory notes given by Jack Smith to Rose Mae Smith in the transaction of the previous December. Jack Smith was named trustee of this trust. On the same day, Jack and Rose Mae Smith entered into an agreement whereby Rose Mae Smith purchased from Jack Smith, as her separate property, a thirty per cent interest in the wholesale shoe business which had theretofore been in his sole proprietorship. She paid therefor by delivering two of the notes acquired in her previous sale to him of December 31. On September 30, Jack Smith entered into a written agreement with Jack Smith, as trustee for their daughter, and Rose Mae Smith, as trustee for their son, whereby the entire corpus of the trust was transferred to Jack Smith, and Jack Smith, as trustee for their daughter, and Rose Mae Smith, as trustee for their son, purported to acquire a fifteen per cent interest each in the wholesale shoe business. On October 1, Jack Smith and Rose Mae Smith, in their individual rights, and Jack Smith, as trustee for their daughter, and Rose Mae Smith, as trustee for their son, entered into a written agreement of partnership whereby Jack Smith, individually, conveyed a forty per cent interest in the business which had theretofore been conducted solely by him and Rose Mae Smith conveyed a thirty per cent interest in said business. Jack Smith, as trustee for their daughter, conveyed a fifteen per cent interest in said business, and Rose Mae Smith, as trustee for their son, conveyed a fifteen per cent interest in said business to the partnership.

The trusts were irrevocable. They are subject to the absolute power of Jack Smith, as trustee for their daughter, and Rose Mae Smith, as trustee for their son. The son and daughter had only the right to enforce performance of the trusts. The distribution of income is controlled absolutely as well as the investment of the principal by Jack Smith, as trustee for their daughter, and Rose Mae Smith, as trustee for their son. There is no distribution of the corpus of the trust until these children reach the age, respectively, of twenty-five years and in graduated installments until each arrives at the age of thirty-five years.

Under the terms of the original partnership, absolute control of the business was exercised by Jack Smith. A salary was provided in the amount of $25,000.00 for him in his individual capacity and in the amount of $2,400.00 per year for Rose Mae Smith in her individual capacity. These individuals retained the power to determine the amount of salaries to be paid to themselves before any "distributive net profits" and the salaries were part of the costs of doing business. No contracts or liabilities could be entered into by the partnership without the consent of Jack Smith, and no business transaction could be conducted without his approval. In the event of death or termination of the partnership of or by any partner, the surviving or non-terminating partners were given the right to purchase the interest of the deceased or terminating partner at book value. This original instrument fixed the duration of the partnership at twenty years. This partnership was ostensibly dissolved on December 31, 1944, but actually was continued by a new agreement of partnership with the original parties, Jack Smith, individually, Rose Mae Smith, individually, Jack Smith, as trustee for their daughter, Rose Mae Smith, as trustee for their son, and a so-called fifth partner, Herman Weishaupt, an employee, who was permitted to hold a ten per cent interest. As a result, he was given a salary of $6,000.00. Jack Smith retained a salary of $25,000.00, and Rose Mae Smith retained a salary of $2,400.00. The duration of this partnership was to be three years, with successive renewals of two years each. At the end of three years, on June 30, 1948, Herman Weishaupt withdrew. Jack Smith, Rose Mae Smith, Jack Smith, as

trustee for their daughter, and Rose Mae Smith, as trustee for their son, continued to operate the partnership. From October 1, 1943, to December 31, 1948, Jack Smith, as trustee for Barbara Ann Smith, made substantial withdrawals which were credited to the trust, and during the same period Rose Mae Smith, as trustee for Howard Samuel Smith, made substantial withdrawals for the benefit of that trust. These withdrawals were not applied to the benefit of either of the individuals who acted as trustees, respectively. Howard Samuel Smith, at the end of the trial, was of age, but Barbara Ann Smith was still in her minority. Neither of these children has contributed anything in the way of services to the partnership, and the court found that the probabilities are that neither of them would ever engage in the business which was still operating at the date of trial.

Jack Smith and Rose Mae Smith brought action against the Collector of Internal Revenue for a refund of federal income taxes and interest for the calendar years 1943 to 1948. The trial court found that there had only been one partnership, notwithstanding the inclusion of Weishaupt in 1945 for the period of three years. It is true that, at the time of the continuation agreement by which Weishaupt became the owner of a ten per cent interest, the matters of partnership policy were to be determined by the majority in interest. But the trial court found as a fact that at all times throughout the years involved control continued to be exercised by Jack Smith. The evidence indicates that this finding is correct. The trial court found that at "all times throughout the years involved control was exercised and maintained by the plaintiffs in this action. The creation of the partnership and trusts effected no change in the control of the business. The children had no independent voice in the management of the business either personally or through the trusts." It was further found that there was no judicial control of the interests of the children. The trial court also found:

"The plaintiffs retained unlimited control of both the trust and the partnership, indicating clearly that the partnership had no existence as a taxable entity."

and also found:

"The children through the trust or otherwise added neither fresh capital nor skill nor even the future expectation of services."

The court therefore found against the plaintiffs and in favor of the Collector.

■ It is here insisted that, because there was a modification of the partnership agreement by allowing Herman Weishaupt to hold a ten per cent interest therein for a period of three years, there were two different partnerships, but we think the record clearly shows that the court is entirely right in treating this simply as a modification of the original deal, which apparently was done for the purpose of throwing a smokescreen over the ultimate object of conserving taxes. In any event, the court under the record clearly found that the control remained in plaintiffs, Jack Smith and Rose Mae Smith. This whole determination depends upon questions of fact and not of law. The findings of the trial court are not clearly erroneous in any major particular. Under these circumstances, it is not our province to interfere with the judgment. Furthermore, it would seem that an obvious device of this sort by husband and wife to provide for the future of their minor children without any business purpose involved should not be sanctioned. This business had been operated as community property and was under the control of the husband. The capital which was taken out for the purpose of making it under the sole control of the husband was paid back in and the wife and children given ostensible interests for no apparent purpose except to build up an estate in the children at the expense of the United States. We think the law does not require us to sanction such an obvious device.

Affirmed.