248 F.2d 490
 57-2 USTC P 9978
 Elgin R. PARKER and Flo Parker, Appellants,
v.
Harry C. WESTOVER, individually and as Former Collector of
Internal Revenue for the Sixth District of
California, Appellee.
Elgin R. PARKER and Flo Parker, Appellants,
v.
R. A. RIDDELL, District Director of Internal Revenue, Los
Angeles, California, Appellee.
 No. 15340.
 United States Court of Appeals Ninth Circuit.
 Oct. 9, 1957.
 
 Melvin D. Wilson, Los Angeles, Cal., for appellants.
 Charles K. Rice, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson, George F. Lynch, Attys., Dept. of Justice, Washington, D.C., Laughlin E. Waters, U.S. Atty., Edward R. McHale, Robert H. Wyshak, Asst. U.S. Attys., Los Angeles, Cal., for appellee.
 Before HEALY and FEE, Circuit Judges, and MURRAY, District Judge.
 HEALY, Circuit Judge.
 
 
 1
 This is a family partnership case in which appellants, husband and wife, seek to recover income taxes assessed to and paid by them for the fiscal years ending October 31, 1945, '46, '47, and '48.
 
 
 2
 An earlier suit involving the tax for the year ending October 31, 1944, was decided adversely to appellants by a jury, and the judgment entered on the verdict was affirmed by this court on appeal. Parker v. Westover, 9 Cir., 186 F.2d 49. The instant suit was originally disposed of by the court below without the taking of evidence, on the ground that the judgment concerning the year 1944 was res judicata as respects the subsequent years. On appeal the judgment was reversed and the cause remanded for the taking of evidence concerning assertedly changed conditions. Parker v. Westover, 9 Cir., 221 F.2d 603. On remand the court, after hearing the testimony on appellant's behalf, entered a judgment of dismissal; and the case is once more before us.
 
 
 3
 The record shows that from the late 1930's appellant Elgin Parker operated the Southern Heater Company as a sole proprietorship in the manufacture of hot water heaters, a business in which Parker had had extensive experience. After 1942 the business was operated by appellants as a partnership. In November of 1943 completed gifts of a one-eighth interest in the partnership were made by appellants to each of their four children aged three, six, eleven, and fourteen years as of that time. On the same date these gifts were made Elgin Parker applied to the Superior Court of California for his appointment as guardian of the children. His guardianship was approved on December 31, 1943, and with the permission of the court Parker formed a general partnership, effective as of the previous November 1st, between himself as an individual; himself as guardian for his children; and his wife. Thereafter Parker continued as manager of the business. No services were rendered to the partnership by any of the partners except Parker himself, nor was any new capital furnished the partnership during the period involved. With a minor exception, all earnings were left to accumulate in the business. The enterprise was highly prosperous during the war years, and large earnings were recorded. The record indicates that all business decisions concerning the management of the enterprise and the withdrawal of earnings were made in the discretion of Elgin Parker and no advice concerning them was sought from the California court which had approved the partnership.
 
 
 4
 The crucial findings of the trial court were as follows: During the period of the four years involved the income of the Southern Heater Company was produced entirely as the result of the personal services of Elgin Parker and of the capital which the Southern Heater Company had at the commencement of the partnership and which was additionally accumulated from retained earnings. Capital, the court found, was not a material income producing factor of the company during the period. All of the income from the business allocated to the guardianship estates for the Parker children was earned by Elgin Parker. No real change in the economic or financial status of the Parker family was affected by the partnership. 'Considering all of the facts,' said the court,' 'the deeds of gift, the partnership agreement, the conduct of the parties, the execution of the provisions of these gifts and agreement, statements and testimony of the witnesses, the relationship of the parties, their respective abilities and capital contribution, the actual control of the income allocated to the guardianship estates and all other facts throwing light on their true intent, the parties did not in good faith and acting with a business purpose intend that the guardianship estates should join together with the plaintiffs herein in the present conduct of the partnership enterprise known as the Southern Heater Company.'
 
 
 5
 The court concluded that the Commissioner was warranted in assessing the entire partnership income to the appellants.
 
 
 6
 Appellants call attention to Parker's uncontested testimony to the effect that in making these gifts it was their intent to provide security for their children and to induce the sons, aged six and three, eventually to carry on the business. They cite Snyder v. Westover, 9 Cir., 217 F.2d 928, and this court's holding in Pike v. United States, 9 Cir., 231 F.2d 688, as supporting the proposition that such a gift to a minor child shows a valid business purpose. In those cases, however, factors other than intended security for minor offspring were present. No cases are cited, and we find none, holding that the aim of providing security for minor children is other than a non-business expense. As this court very recently observed in the cognate case of Smith v. Westover, 9 Cir., 237 F.2d 201, 203, we will not sanction a device 'to build up an estate in the children at the expense of the United States.' Furthermore, we agree with the trial court that in view of the tender ages of the sons at the time of the gifts, an intention to induce their entry into the business is too remote and problematical to be considered a valid business purpose.
 
 
 7
 Other arguments are advanced by appellants' counsel but we see no merit in them. The findings of the trial court are not clearly erroneous, and we are in agreement with its conclusion that the Commissioner was warranted in assessing the entire partnership income to appellants.
 
 
 8
 Affirmed.