**MARTIN'S AUTO TRIMMING, INC., a corporation, Appellant,**

v.

**Robert A. RIDDELL, Director of Internal Revenue Service and United States of America, Appellees.**

**No. 16581.**

United States Court of Appeals Ninth Circuit.

Oct. 22, 1960.

Phill Silver, Hollywood, Cal., for plaintiff, appellant and defendant in intervention.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Frederick E. Youngman, Attys., Dept. of Justice, Washington, D. C., Laughlin E. Waters, U. S. Attys., Edward R. McHale, Lillian W. Stanley, Asst. U. S. Attys., Los Angeles, Cal., for appellees.

Before BARNES and JERTBERG, Circuit Judges, and KILKENNY, District Judge.

KILKENNY, District Judge.

Action by Martin's Auto Trimming, Inc., the appellant, against the appellees to recover $4,750 alleged to have been erroneously collected from appellant taxpayer under § 3403 of the Internal Revenue Code of 1939 (26 U.S.C.A. § 3403, 1952 ed.), as federal excise taxes on custom-made automobile seat covers manufactured and sold by appellant to new and used car dealers from October 1, 1950 to and including August 31, 1952. The appellee, United States of America, filed a complaint in intervention demanding judgment against appellant for the additional sum of $7,118.36, with interest, being the amount alleged due and owing on the same assessment.

The lower court found the following facts: Between said dates appellant was engaged in operating an automobile upholstery shop. This operation consisted of manufacturing automobile seat covers which were sold by appellant to individual customers and to new and used car dealers. It did not stock any of the seat covers upon which the tax in issue was based. During the period in question the appellant was a "manufacturer" of said custom-made seat covers within the meaning of said section of the Internal Revenue Code. The seat covers constituted automobile parts and accessories within the meaning of the Internal Revenue Code and the taxpayer's sales of such seat covers to new and used automobile dealers during that period were subject to the manufacturer's excise taxes. During said period certain members of the staff of the Director of Internal Revenue for Southern California and his predecessor orally advised appellant that

it need not collect an excise tax from customers on the sale of custom-made seat covers if immediately installed, irrespective of whether the purchaser was a retail customer or a new and used car dealer. It had been a longstanding and consistent policy of the Commissioner of Internal Revenue to subject the sales of custom-made automobile seat covers to dealers in new and used automobiles to the manufacturer's excise tax under said Code. This policy existed even before the issuance of ST 944, 1952—2 Cum. Bul. 255 on August 18, 1952, and prior to that date the Internal Revenue Service had issued many rulings that such sales were subject to such excise tax.

Based on said findings the District Court dismissed the plaintiff's complaint and entered judgment in favor of the United States against defendant for the sum of $7,793.86, plus costs and interest as provided by law.

■ Appellant concedes that the manufacturer's excise tax imposed by 26 U.S. C. § 3403, 1952 ed., applies to the automobile seat covers manufactured and sold to new and used car dealers during the period in question. The courts have uniformly held that such tax applies to such sales. Masao Hirasuna v. McKenney, 9 Cir., 1957, 245 F.2d 98; United States v. Keeton, 4 Cir., 1956, 238 F.2d 878, certiorari denied 353 U.S. 973, 77 S.Ct. 1056, 1 L.Ed.2d 1135; Campbell v. Brown, 5 Cir., 1957, 245 F.2d 662.

In an effort to avoid the effect of these decisions the appellant contends:

■ I. That the tax in question should be imposed upon the sale of the article and paid by the purchaser, not the manufacturer. This is not sound. The excise taxes imposed by this section are imposed upon the manufacturer and vendor, not upon the purchaser. The Internal Revenue Code recognizes certain instances, of no relevance here, in which the tax should be collected from purchasers and the Code so provides. §§ 3447, 3453, Internal Revenue Code of 1939, 26 U.S.C.A. §§ 3447, 3453. Cases

such as Anargyros v. Edwards, D.C.1927, 22 F.2d 707, cited by appellant, are not even remotely in point. Boyle Valve Co. v. United States, 1930, 38 F.2d 135, 69 Ct. Cl. 129; and Jefferson Electric Mfg. Co. v. United States, 1930, 38 F.2d 139, 69 Ct.Cl. 150, were reversed by the United States Supreme Court. United States v. Jefferson Electric Mfg. Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859.

Appellant's main reliance is placed on Indian Motocycle v. United States, 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277; Standard Oil Company v. United States, 130 F.Supp. 821, 131 Ct.Cl. 644, and Peckat Mfg. Co. v. Jarecki, 7 Cir., 1952, 196 F.2d 849. It is obvious that appellant has misread the effect of the decisions in these cases. None of these cases hold that the excise tax is imposed upon the purchaser. All of those cases hold that the tax is the obligation of the manufacturer when the product is sold. The excise tax in question on this appeal is that tax which was imposed upon *sales* by appellant during the period mentioned. Appellees are making no attempt to collect taxes on goods manufactured and not sold during such period. The appellant's position on this point is one of extreme indecision. In his original brief he took the position that the tax was one upon the *article* and not a tax against the manufacturer. Both positions are untenable. Masao Hirasuna v. McKenney, supra.

II. The next point advanced by appellant is that the imposition of a tax in a case where the taxpayer had been orally advised by "members of the staff of the defendant that the taxpayer need not collect such tax from his customers, who were primarily responsible therefore," is inequitable and constitutes an abuse of discretion.

■ It is obvious that at least one of the premises on which appellant bases his argument is non-existent. The customer, under the plain provisions of the Internal Revenue Code, has no obligation to pay this tax. The tax is imposed upon

the person who manufactures and sells the article, not on the customer or purchaser. The manufacturer is the only one who is required to make the return on this excise tax. No return is required of the purchaser. In any event, there is substantial evidence in the record that the representations and statements on which appellant relies were made by certain staff members of the Director of Internal Revenue for the Southern District of California, that these statements merely advised appellant that he was not required to collect the tax from his *customers* and that it was a longstanding and consistent national policy of the Commissioner of Internal Revenue to require payment of excise taxes on sales identical with those in question. The findings of the lower court are supported by substantial evidence. A finding on this type of an issue is one of fact. Gensinger v. Commissioner, 9 Cir., 1953, 208 F.2d 576, 583; Earle v. W. J. Jones & Son, 9 Cir., 1952, 200 F.2d 846, 847. In tax cases, as in others, we cannot disturb the findings or the judgment of the lower court except when they are clearly erroneous. Brooks v. Willcuts, 8 Cir., 1935, 78 F.2d 270; McCaughn v. Real Estate Land Title & Trust Co., 297 U.S. 606, 56 S.Ct. 604, 80 L.Ed. 879; English v. United States, 7 Cir., 1959, 270 F.2d 876; Earle v. Woodlaw, 9 Cir., 1957, 245 F.2d 119 certiorari denied 354 U.S. 942, 77 S.Ct. 1400, 1 L.Ed.2d 1537; Smith v. Westover, 9 Cir., 1956, 237 F. 2d 201.

Even if we assume that the Commissioner, rather than a local staff member, made material misrepresentations of law to the appellant, it could not claim an estoppel against the United States. It is a general rule that the United States does not lose its revenue because of the erroneous ruling of an administrative official. The Commissioner may even change his ruling and not be estopped. United States v. La Societe Francaise De Ben. Mut., 9 Cir., 1945, 152 F.2d 243; Chiquita Mining Co. v. Commissioner, 9 Cir., 1945, 148 F.2d 306; Automobile Club of Michigan v. Commissioner, 353 U.S. 180, 77 S.Ct. 707, 1 L.Ed.2d 746. The Commissioner of Internal Revenue is not estopped from changing his interpretation of law creating a tax liability where his change in position corrects a mistake of law. Landau v. Riddell, 9 Cir., 1958, 255 F.2d 252. The cases on which appellant relies are based on factual backgrounds where the government attempted to change its position and repudiate a status and accepted relationship which it had established with the taxpayer. The distinction between the correction of a mistake of law and the attempted change in status arrived at between the taxpayer and the Commissioner is clearly established in Automobile Club of Michigan v. Commissioner, supra. Cases such as Lesavoy Foundation v. Commissioner, 3 Cir., 1956, 238 F.2d 589, 594, cited by appellant, are of no assistance. In that case the Commissioner had actually issued a certificate of exemption to the taxpayer some years before the attempted imposition of the tax. We quote from the opinion:

"We think further that the bounds of permissible discretion were exceeded when the Commissioner changed his mind as to the exemption to be granted this foundation and made it liable for a tax bill so large as to wipe it out of existence."

Such cases are of no benefit to appellant.

III. Appellant argues that in the case of an ambiguity as to whether the tax is one on the sale or a tax per se on the manufacturer, the doubt should be resolved against the government and in favor of the appellant. We have already decided that it is of no consequence in this case whether the tax was on the sale or on the manufacture. All of the articles subject to the imposition of the tax in this case were actually sold by the manufacturer, the appellant. It follows that it is liable for the tax. Masao Hirasuna v. McKenney, supra; United States v. Keeton, supra; Campbell v. Brown, supra. The statute on this subject is not ambiguous. Masao Hirasuna is decisive against appellant.

IV. Appellant urges that the lower court committed error in failing to make a finding on the issue of estoppel. We believe the findings adequately cover this issue, although they do not specifically mention an estoppel.

Furthermore, at the time of trial the appellant abandoned the cause of action under which he asserted an equitable estoppel.

The judgment of the lower court should be and is affirmed.