James F. and Ileene E. MacAdam v. Commissioner.
MacAdam v. Commissioner
Docket No. 2523-70 "SC".
United States Tax Court
T.C. Memo 1971-274; 1971 Tax Ct. Memo LEXIS 56; 30 T.C.M. (CCH) 1179; T.C.M. (RIA) 71274; October 28, 1971, Filed. *56 The petitioners have conceded that the respondent correctly calculated under section 167 of the 1954 Code the deduction to which they are entitled in 1968 for depreciation of certain rental properties. Held, the respondent properly determined a deficiency in the petitioners' income tax for the year 1968. Held, further, the respondent is not estopped from correcting errors made by his representatives. Ileene E. MacAdam, pro se, 73A Collingswood St., San Francisco, Calif.Richard D. Worsley, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: The respondent determined a deficiency in the petitioners' income tax for the year 1968 in the amount of $807.14. The issue presented for our decision is whether the petitioners *57 correctly computed their deductions for depreciation of certain rental properties under section 167 [1] of the 1954 Code. Findings of Fact Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits thereto are incorporated herein by this reference. The petitioners, James F. and Ileene E. MacAdam, husband and wife, resided at 73A Collingswood Street, San Francisco, California, at the time they filed their petition herein. The petitioners filed a joint Federal income tax return for the year 1968 with the district director of internal revenue at San Francisco, California. In their Federal income tax return for the year 1965, the petitioners claimed deductions for depreciation on three separate rental properties. These properties, acquired prior to 1965, were located on Haight Street in San Francisco, on Webster Street in San Francisco, and in Riverside, California. The petitioners computed the depreciation on all three of these properties using the declining-balance method, and the deductions were therefore taken at an *58 accelerated rate. The rate they employed was 150 percent of the straight-line rate, based upon an estimated useful life for each property of 20 years. In examining the petitioners' 1965 income tax return, representatives of the respondent concluded that the depreciation on these properties was incorrectly computed by the petitioners. The respondent's representatives adjusted the petitioners' 1965 deductions for depreciation to eliminate the estimated land value (determined to be 20 percent of cost) which was not subject to depreciation. However, the respondent now states there was a mathematical error made by his representatives in calculating the uniform yearly rate. [2]
*59 On brief, the respondent points out: * * * The uniform yearly rate incorporated into the Commissioner's adjustments were 12.5 percent 1180 (Riverside), 8.8 percent (Webster Street) and 8.3 percent (Haight Street). The correct uniform yearly depreciation rate on each of the three subject properties was 7.5 percent a year. On their Federal income tax return for the year 1968, the petitioners claimed a total depreciation deduction of $6,727.65. In examining the petitioners' return for 1968, the respondent concluded that the method used therein to calculate depreciation was improper. The petitioners believed when they prepared their 1968 return that they were following the depreciation method employed by the respondent's representatives in adjusting the 1965 depreciation deduction. In his statutory notice to the petitioners, dated January 28, 1970, relating to the petitioners' taxable year 1968, the respondent reduced the $6,727.65 depreciation deduction to $3,399.33, stating: Depreciation under the 150% D.B. method of depreciation for a life of 20 years was claimed on the basis of 15% of basis less prior years depreciation. The proper figure should have been 7 1/2%. In *60 their petition filed with the Court in the instant case, the petitioners stated: In 1965, the Commissioner audited the taxpayers return for 1965. The only adjustment made involved the depreciation of the three parcels of real property involved herein. In his notice of adjustments, * * * the Commissioner determined that the real property was to be depreciated by applying 150% of the remaining balance of undepreciated improvements. The petitioners have consistently followed this method. The Commissioner now asserts another manner of determining depreciation that is involved that is inconsistent with the prior determination. It is conceded that the Commissioner's method as now set forth is correct. However, since commencing to depreciate the three parcels of real property involved, the taxpayers have used a manner of computing depreciation similar to that used by the Commissioner in his audit of the 1965 return. This created an excessive deduction for depreciation in tax years that are now closed, and in which, the taxpayers income exclusive of depreciation was substantially less than in the year 1968. Opinion Because the petitioners' rental property had a 20-year useful life, *61 the respondent determined in his statutory notice that 7.5 percent is the only correct uniform yearly rate for depreciation under section 167, [3] computed upon 150 percent of the applicable straight-line rate. The petitioners do not disagree with the respondent's calculations in his statutory notice and have conceded that the respondent's determination for 1968 is correct. See section 1.167(b)-2, Income Tax Regs.
*62 The petitioners, however, complain that, in preparing their 1968 Federal income tax return, they used the method to compute depreciation that the respondent had used in recalculating their depreciation deduction for 1965. In reply, the respondent makes three points: (1) The respondent's agents erred in calculating the petitioners' 1965 depreciation deduction by using an incorrect uniform yearly rate on each of the properties; 1181 (2) In their 1968 return, the petitioners used an even higher uniform yearly rate on each of the properties and therefore did not follow or rely on the respondent's 1965 method. (3) Even if the petitioners did rely on and employ the respondent's incorrect 1965 method, the respondent is not bound or estopped by the acts of his representatives if they misapply or incorrectly state the applicable law. The respondent therefore concludes that, given the petitioners' concession, we should uphold his determination for the year 1968. We reluctantly agree with the respondent. The respondent is entitled to correct the mistakes of his representatives, and this is true even where there is reliance by taxpayers on erroneous advice given by such representatives. *63 Automobile Club of Michigan v. Commissioner, 353 U.S. 180 (1957); Martin's Auto Training, Inc. v. Riddell, 283 F. 2d 503 (C.A. 9, 1960); John S. Neri, 54 T.C. 767 (1970). Petitioners have convinced us of their sincerity in relying on and following, to the best of their ability, the advice and instructions of respondent's agents furnished when an examination of their return for 1965 was made. However, the record before us is inadequate to show that they did precisely follow that advice for 1968, and there are indications, as respondent contends, that they claimed a higher rate of depreciation for 1968 than had been allowed for 1965. However, even assuming that the petitioners, in preparing their 1968 return, followed in every detail the precise depreciation method erroneously employed by respondent's agents in recalculating their 1965 deduction, the respondent is not estopped from making the determination he has made herein relative to their 1968 deduction, which petitioners reluctantly but candidly admit is correct. [4] As sympathetic as we are to petitioners' plight, *64 Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. The uniform yearly rate under the straight-line method is obtained by dividing 100 percent by the number of years in useful life. In his statutory notice in the instant case, the respondent calculated the uniform yearly rate under the declining-balance method by multiplying the straight-line rate by 150 percent (i.e., 100% / 20 X 150% = 7.5%). On brief, the respondent states: The computation made by the Service in 1965, wherein petitioners' deduction for depreciation on the three subject properties was adjusted, admittedly was incorrect under section 1.167 (b)-2 of the regulations. Apparently, using as the denominator a new estimated useful life dating from the year 1965, the Service representative computed depreciation for 1965 on each property at a uniform yearly rate exceeding the proper rate of 7.5%. * * * Even if a change in the estimated useful life of each had been then justified, an assumption not warranted by any facts herein, the computation by the Service representative would have been incorrect because the newly ascribed useful lives did not recognize prior depreciation. Regs. § 1.167(b)-2(c).↩
3. SEC. 167. DEPRECIATION. (a) General Rule. - There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) - (1) of property used in the trade or business, or (2) of property held for the production of income. (b) Use of Certain Methods and Rates. - For taxable years ending after December 31, 1953, the term "reasonable allowance" as used in subsection (a) shall include (but shall not be limited to) an allowance computed in accordance with regulations prescribed by the Secretary or his delegate, under any of the following methods: (1) the straight line method, (2) the declining balance method, using a rate not exceeding twice the rate which would have been used had the annual allowance been computed under the method described in paragraph (1), * * *↩
4. The petitioners also state that, owing to the inconsistent treatment by the respondent relating to the years 1965 and 1968, they have been placed at a financial disadvantage in certain other years. We are unable to consider this question since the only year presently before us is 1968; we would certainly hope that respondent's representatives would make every effort to correct inequitable results flowing from petitioners' reliance on inaccurate and erroneous action of Internal Revenue Service agents taken in earlier years.↩