McCAUGHN, COLLECTOR OF INTERNAL REVE-
NUE, *v.* REAL ESTATE LAND TITLE & TRUST
CO. ET AL., EXECUTORS.

No. 629.  Argued March 13, 1936.—Decided March 30, 1936.

*Assistant Attorney General Jackson* argued the cause,
and *Solicitor General Reed, Assistant Attorney General
Morris,* and *Messrs. David E. Hudson, Sewall Key,* and
*Carlton Fox* filed a brief, for petitioner.

*Mr. Franklin S. Edmonds* for respondents.

PER CURIAM.

On February 9, 1920, Malcolm MacFarlan, a physi-
cian of Philadelphia, Pennsylvania, made a transfer of
real estate and securities, of the value of upwards of
$670,000, in trust for the benefit of his children and their
wives and descendants.  He died on December 8, 1921.
As his death occurred within two years after the trans-
fer, it fell within the terms of the statute creating a pre-

sumption that the transfer was made in contemplation of death. Revenue Act of 1921, c. 136, § 402 (c), 42 Stat. 227, 277, 278. The remaining estate of the decedent, of which disposition was made by will (executed on the same day as the transfer in trust) was worth about $13,-000. The Commissioner of Internal Revenue included the property transferred as part of decedent's gross estate, and demanded payment of an estate tax upon that basis. The payment was made, claim for refund was rejected, and this suit was brought by the executors of the decedent against the collector to recover the amount paid.

A jury was waived. After the evidence had been received, both parties submitted requests for conclusions of law, and plaintiffs also requested special findings of fact. The court refused plaintiffs' requests and affirmed certain conclusions of law requested by defendant, and plaintiffs were allowed exceptions.

Referring to decedent's physical condition, the court said in its opinion that the evidence showed that at the time of the transfer decedent was seventy-eight years old, unusually vigorous and clear-minded and, except for a condition common in men of his age, in good health. The court said that the most that could be claimed for that evidence was that it established, and the court specifically found, that the transfer was not made "under any consciousness or belief or apprehension that death was imminent." The substance of the court's conclusion on all the evidence was that "the plaintiffs have failed to show that the motive that induced this transfer, whatever it was, was not of the sort which leads to testamentary disposition, and, consequently have failed to meet the burden of proof placed upon them by the statute." The court then found a general verdict in favor of the defendant and directed judgment accordingly. 7 F. Supp. 742.

The Circuit Court of Appeals reviewed the evidence, decided that the transfer was not made in contemplation of death, and reversed the judgment. 79 F. (2d) 602.

The principles governing the determination whether a gift *inter vivos* is made "in contemplation of death" are set forth in *United States* v. *Wells,* 283 U. S. 102, and need not be restated. The instant case is controlled by the established rules relating to appellate review in actions at law where a jury trial has been waived. R.. S. 649, 700; 28 U. S. C. 773, 875. Where a general verdict is found by the trial court, it has the same effect as the verdict of a jury. The appellate court cannot pass upon the weight of evidence. *Norris* v. *Jackson,* 9 Wall. 125, 128; *British Queen Mining Co.* v. *Baker Silver Mining Co.,* 139 U. S. 222; *Lehnen* v. *Dickson,* 148 U. S. 71, 73; *St. Louis* v. *Western Union Telegraph Co.,* 166 U. S. 388; *Law* v. *United States,* 266 U. S. 494; *Fleischmann Construction Co.* v. *United States,* 270 U. S. 349, 356, 357; *Harvey Company* v. *Malley,* 288 U. S. 415, 418, 419; *Eastman Kodak Co.* v. *Gray,* 292 U. S. 332, 336, 337.

Here, plaintiffs' exceptions to the conclusions of law of the trial court, and to the refusal of the court to reach other conclusions as requested, raised no question save the one of law, whether the court's verdict was wholly without evidence to sustain it. That question does not appear to be substantial. The ultimate question for the decision of the trial court was one of fact and its general verdict was conclusive. The Circuit Court of Appeals was without authority to weigh the evidence and to make its own findings.

The judgment of the Circuit Court of Appeals is reversed and that of the District Court is affirmed.

*Reversed.*