## UNITED STATES v. UNION TRUST CO. OF INDIANAPOLIS et al.

### No. 6124.

Circuit Court of Appeals, Seventh Circuit.

June 30, 1937.

James W. Morris, Asst. Atty. Gen., Sewall Key, Paul R. Russell, and Berryman Green, Sp. Assts. to Atty. Gen., and Val Nolan, U. S. Atty., of Indianapolis, Ind., for appellant.

John G. McNutt, Merlin M. Dunbar, and Lucien L. Dunbar, all of Indianapolis, Ind., for appellees.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This appeal is from a judgment of the District Court in the sum of $3,303.87 with interest based upon a claim by appellees for refund of estate taxes assessed and collected over protest. Appellees are the executors as well as trustees of the estate of Virginia C. Lilly who died November 16, 1930, at the age of sixty-five years and who, prior to her last illness, which was brief, was in good health for a person of her age. The deceased left surviving her Mrs. Conway L. Atwater as her only child who, together with the latter's son, Allen Russell Atwater, Jr., were beneficiaries of the trust created by decedent's will.

On January 24, 1927, the decedent and her daughter, Mrs. Conway L. Atwater, jointly rented a safe deposit box from the State Street Trust Company in Boston, Mass., in which their investments and securities were placed. On this occasion decedent told her daughter that, since the latter had not been remembered in her father's will, she was putting certain bonds in the box and giving them to her. A rubber band was placed around the bonds and they were thus segregated from other securities placed in the box at the same time.

After decedent's death, Mrs. Atwater claimed the bonds as a gift made during the year 1927. Both decedent and Mrs. Atwater, as well as Allen Russell Atwater, husband of the latter, had access to and went to the box on numerous occasions. Upon the refusal of Mrs. Atwater to deliver the bonds to the executors of decedent's estate, said executors brought an action in the probate court of Marion county, Ind., against her for the purpose of obtaining possession of the bonds as a part of decedent's estate. On February 17, 1931, by judgment of said court, Mrs. Atwater was adjudged to be the absolute owner of said bonds.

It seems that both decedent and Mrs. Atwater placed great confidence in one B. Earle Appleton, representative of a brokerage firm, who largely had the control of selling and replacing bonds and securities as they matured. The bonds in the safety box at the time of decedent's death and those here involved were largely replacements of those which were placed in the box in 1927. Decedent retained the income from the bonds during her lifetime and made no accounting to her daughter for any gains realized or losses sustained in exchanges made, nor did the daughter pay personal taxes upon the bonds or make any report of any income in the way of interest or profit arising from the same. The claim of Mrs. Atwater as to the gift of the bonds made to her in 1927 was corroborated to some extent by Mrs. Roach, who testified that, in a conversation with decedent in 1929, decedent told her that she had given bonds to Mrs. Atwater. It was stipulated that B. Earle Appleton would testify that nothing was said to him by the decedent concerning the alleged gift,

and that he was only notified by Mrs. Atwater of such claim shortly before her mother's death. It was further stipulated that Appleton would testify that when securities were sold, either the decedent or Mrs. Atwater went to the safety box with him and that both of the parties had keys to the box.

Income tax returns were filed by the decedent for the year 1929 and by appellees for the year 1930 in which it appears the income and gains from the bonds in question were included. The sole question presented is whether the bonds were subject to be included as a part of the gross estate of decedent, or whether they had been acquired by Mrs. Atwater as a gift from her mother during her lifetime.

 The District Court in its special findings of fact found that the bonds in question were the property of the decedent's daughter at the time of decedent's death and were the same bonds or the replacements, substitutions, and reinvestments of the bonds which were given to her by her mother during the year 1927, and constituted a gift inter vivos as of that time. It is not the province of this court to weigh the evidence or analyze the same except to the extent of ascertaining if the ultimate fact found by the trial court is supported by any evidence. The rule is aptly stated in United States v. Buffalo Pitts Company, 234 U.S. 228, on page 232, 34 S.Ct. 840, 841, 58 L.Ed. 1290, where it is said:

"In cases brought under this act coming up from a district or circuit court of the United States, the findings of fact of the trial court are conclusive, and the question is whether the conclusions of law were warranted by the facts found (Chase v. United States, 155 U.S. 489, 500, 15 S.Ct. 174, 39 L.Ed. 234, 238). Exceptions to the rule may exist if the record enables the court to conclude that the ultimate facts found are not supported by any evidence whatever. (Collier v. United States, 173 U.S. 79, 19 S.Ct. 330, 43 L.Ed. 621)."

To the same effect is McCaughn v. Real Estate Land Title & Trust Co., 297 U.S. 606 on page 608, 56 S.Ct. 604, 605, 80 L.Ed. 879, where it is said:

"The ultimate question for the decision of the trial court was one of fact and its general verdict was conclusive. The Circuit Court of Appeals was without authority to weigh the evidence and to make its own findings."

 While there is evidence in the record inconsistent with such ultimate finding by the trial court and evidence from which a contrary conclusion might be reached, yet there is evidence which supports it. The testimony of Mrs. Atwater with reference to the gift, corroborated to some extent by Mrs. Roach, substantially justifies the finding of the trial court in the respect indicated.

In view of such findings, no useful purpose would be served in a discussion of other questions raised by appellant which have to do largely with facts in issue.

Judgment is affirmed.