**OLIVER et al. v. BELL.**

No. 8524.

District Court, W. D. Pennsylvania.

March 18, 1938.

31

Henry O. & Oliver Evans, of Pittsburgh, Pa., for plaintiffs.

Chas. F. Uhl, U. S. Atty., and Orris Bennett, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

A jury trial was waived in this case, and it was heard before the court on the pleadings and proofs.

The question at issue in the case is whether or not plaintiffs, as executors of the last will and testament of David B. Oliver, deceased, are entitled to recover from defendant, as collector of internal revenue of the United States, the sum of $444,492.10 paid by plaintiffs to defendant on a deficiency assessment of estate taxes against the estate of David B. Oliver.

This assessment resulted from the inclusion in the gross estate of decedent the value of certain property that was determined by the Commissioner of Internal Revenue to have been transferred by the decedent in contemplation of death.

This deficiency assessment was made pursuant to the provisions of section 302 of

the Revenue Act of 1926, c. 27, 44 Stat. 9, 70, U.S.C.A. title 26, § 411. The pertinent provisions of this statute are as follows:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death;
* * *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth."

The property involved in the special assessment by the Commissioner of Internal Revenue was given by David B. Oliver in his lifetime, on April 4, 1932, to his children and grandchildren. The gifts were seven in number and consisted of a gift to each of his two sons and to each of his four daughters, and separate gifts to the two sons of a deceased son. The gifts to the daughters were in trust for the life of the daughters, with remainders over. Each of these gifts was covered by a trust instrument, in which the Fidelity Trust Company of Pittsburgh, Pa., was named trustee. The gift to the two grandchildren was also covered by a trust agreement, in which the Fidelity Trust Company was also named trustee. The gifts to the two sons were outright gifts.

These gifts were for substantially the same amount of property to each son and daughter, and to the sons of the deceased son.

On the final audit by the Commissioner of Internal Revenue he held that the gifts of April 4, 1932, were substitutes for testamentary dispositions, and were made in contemplation of death, and that the value of the property transferred was taxable. He, thereupon, included in the gross value of the estate the amount of $1,526,732.67 as the taxable value of these gifts, with the result there was a deficiency assessment in the estate tax of $428,288.89. This assessment the plaintiffs paid with interest, the total amount of the payment being $444,492.10. A claim for refund was duly made, which was rejected by the Commissioner, he stating in the notice of rejection:

"(a) That said transfers were substitutes for testamentary dispositions of property, and therefore made in contemplation of death within the meaning of Section 302(c) of the Revenue Act of 1926, as amended."

Then this suit followed for the recovery of the amount paid on this special assessment.

The sole issue involved in this case is one of fact, i. e., Were the gifts of April 4, 1932, made in contemplation of death?

■ The assessment by the Commissioner established a prima facie case of liability, for the presumption is that taxes paid are rightly collected upon assessments correctly made by the Commissioner. Therefore, in a suit to recover them, the burden rests upon the taxpayer to prove all the facts necessary to establish the illegality of the collection. United States v. Rindskopf, 105 U.S. 418, 422, 26 L.Ed. 1131; United States v. Anderson, 269 U.S. 422, 443, 46 S.Ct. 131, 135, 70 L.Ed. 347; Wickwire v. Reinecke, 275 U.S. 101, 105, 48 S.Ct. 43, 44, 72 L. Ed. 184; Niles Bement Pond Company v. United States, 281 U.S. 357, 361, 50 S.Ct. 251, 252, 74 L.Ed. 901; McCaughn v. Real Estate Land Title & Trust Co., 297 U.S. 606, 56 S.Ct. 604, 80 L.Ed. 879.

■ We have fully considered the evidence in this case, having in mind the principles governing the determination of whether or not a gift inter vivos is made "in contemplation of death" as announced by the Supreme Court in United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 75 L.Ed. 867; and have come to the conclusion that not only have the plaintiffs failed to meet the burden of proof imposed upon them to show the gifts in question were not made "in contemplation of death," but, on the contrary, we are of the opinion that the evidence taken as a whole established the dominant motives for those gifts were death motives and not life motives.

The facts leading to this conclusion are these: David B. Oliver, a resident of Pittsburgh, died on October 21, 1934, at the age of ninety-nine years, eleven months, and eleven days. At the time he made the gifts in question, on April 4, 1932, he was over ninety-seven years old. He made the gifts to the natural objects of his bounty, i. e., to the persons who would succeed to his estate if he had died intestate. On April 6, 1932, he executed his last will and testament. The same persons witnessed this will

who witnessed the instrument of gifts on April 4, 1932. The distributions under the will were made to the same persons who were the beneficiaries of the gifts of April 4, 1932, and were made to them in substantially the same proportions.

It appears to us that the trust instruments and other gifts of April 4, 1932, and the will of April 6, 1932, were parts of a single transaction, and that, when the gifts were arranged for, David B. Oliver had in contemplation his own death, and that the evident purpose of the gifts was to save his estate from the payment of large estate taxes.

In the month of March, 1932, considerable publicity was given to the fact that Congress was proposing to enact a law to double the estate-tax rate.

At the time the gifts were made, none of the recipients of David B. Oliver's bounty was in financially distressed circumstances. By gifts made to them between 1914 and 1917, he had placed them on a financially secure basis.

Oliver had not been actively engaged in business for many years preceding the transfers. At that time, and for some years before, he had a nurse in constant attendance, and was examined by doctors two or three times a week. Under such circumstances, it would appear that a man over ninety-seven years of age must have fully realized, while death might not be imminent, it certainly might occur at any time in the ordinary course of nature, and could not long be delayed.

After the gifts made to all the sons and daughters in 1917, no other gifts from capital assets were made to his children, except Charles, till the gifts of 1932. It is true that he paid during that period the expenses of the college education of grandchildren; but there were, during that period, no gifts which would reduce his capital holdings and increase those of his children. From this fact the inference could be properly made that it was not the intention of Oliver to surrender any remaining part of his capital assets before death. However, the imminent increase of estate-tax rates in March, 1932, evidently led to an attempt on his part to save his heirs from the payment of those large taxes.

On the whole record, we are convinced the thought of death was the impelling cause of these gifts, and therefore they were made "in contemplation of death" and taxable under the statute.

Plaintiffs' motion for judgment in their favor will be denied, and defendant's motion for judgment in his favor will be granted.

Findings of fact and conclusions of law in accord with this opinion are filed herewith.