**BLAKESLEE et al. v. SMITH, Collector of Internal Revenue.**

No. 167.

Circuit Court of Appeals, Second Circuit.

March 18, 1940.

Robert P. Butler, U. S. Atty., of Hartford, Conn., Arthur T. Gorman, Asst. U. S. Atty., of New Haven, Conn., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewal Key and Berryman Green, Sp. Assts., to Atty. Gen., for appellant.

William H. Blodgett and Howard E. Hausman, both of Hartford, Conn., and George E. Hall and William B. Hall, both of New Haven, Conn., for appellee.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

CHASE, Circuit Judge.

The plaintiffs, executors of the Estate of Dennis A. Blakeslee, paid to the defendant, Collector of Internal Revenue for the District of Connecticut, an estate tax computed in part by including in the gross estate the value of property which the decedent either had irrevocably transferred in trust on January 7, 1929 or had subsequently so transferred to the trust at different times before he died on April 5, 1933.* A claim for refund was duly made and denied and this suit followed. Trial was by the court after the waiver of a jury. The principal issue on this appeal is whether the evidence supports the findings on which a judgment for the plaintiffs was entered.

The inclusion of a part of the value of the trust property in the gross estate was first put by the Commissioner on the ground that it was required by Sec. 302 (c) of the Revenue Act of 1926, 26 U.S. C.A. Int.Rev.Acts, because the property was transferred to the trust to take effect in possession or enjoyment at or after his death but this ground was later abandoned and the inclusion defended as one of property transferred in trust in contemplation of death.

The pertinent provisions of the trust instrument were that it should be irrevocable; that the trust should terminate at the end of fifteen years or upon the death of the survivor of the settlor and his wife if such death occurred within the fifteen year period; that upon termination the corpus should be distributed among the settlor's six children whose interests were stated to be vested as of the date of the trust instrument; that the trustees should keep the property invested and out of the net income pay to the settlor each year the sum of $75,000 and, in the sole discretion of the trustees, such additional part of the net income as they might decide to pay over to him and which should not in any event exceed in the whole ninety per cent of such net income; that the remainder of the net income should be added to the corpus; and that if the settlor died during the fifteen year term his wife, if living, should receive payments which he would have been paid had he lived.

On September 21, 1932, at the suggestion of the settlor and with the consent of all parties in interest, the provision for the payment to him of $75,000 annually out of the net income was reduced to a payment of $25,000. The settlor made eight additions to the corpus of the trust viz., on August 1, 1929; Sept. 9, 1929; Feb. 14,

---

* The difficulty in determining when the property whose value was so included was transferred is due to the fact that the amount included was determined by capitalizing at four per cent. the minimum amount of annual income which the settlor retained the right to receive. It was $625,000; and was less than the value of the corpus of the trust as created and added to by the settlor before he died.

1930; Feb. 15, 1930; April 22, 1930; Jan. 8, 1931; Nov. 6, 1931; and Feb. 1, 1933. He died on April 5, 1933 when a little more than seventy-seven years old.

There was sufficient evidence from which the trial court could, and did, find that when the settlor created the trust in 1929 at the age of seventy-three years he was in good health; was vigorous and active at that age; that his father had lived ninety-one years and his mother eighty-seven years; that he "expected to live fifteen or twenty years longer than he did"; that he was not motivated by a sense of impending death; and that his death was caused by a cancer of the stomach which had probably been developing for a year or a year and a half but that he had no knowledge of any such symptoms until a few days before he died.

 Such findings, so supported, are conclusive in this court as to the settlor's dominant motive in creating the trust. McCaughn v. Real Estate Land Title & Trust Co., 297 U.S. 606, 56 S.Ct. 604, 80 L.Ed. 879; Updike v. Commissioner, 8 Cir., 88 F.2d 807. We are, therefore, to take it as established that the settlor did not act in contemplation of death. There being a substantial basis in the evidence for the finding that the settlor was actuated by considerations not flowing from the apprehension of death, the statute relied on is not applicable even though there was an intent to provide for the settlor's children after his death. Colorado Bank v. Commissioner, 305 U.S. 23, 59 S. Ct. 48, 83 L.Ed. 20; See also, United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 75 L.Ed. 867.

 We do not understand that the government is any longer contending that by this trust the settlor made a transfer of any property intended to take effect in possession or enjoyment at or after his death. Nor could it maintain that position under the law as declared in May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244; which was followed by Burnet v. Northern Trust Co., 283 U.S. 782, 51 S.Ct. 342, 75 L.Ed. 1412; Morsman v. Burnet, 283 U.S. 783, 51 S.Ct. 343, 75 L.Ed. 1412; and McCormick v. Burnet, 283 U.S. 784, 51 S.Ct. 343, 75 L. Ed. 1413. Equally futile now would be any attempt to have the provisions of the statute as amended first by the Joint Resolution of March 3, 1931 and then by the Act of June 6, 1932, 26 U.S.C.A. Int.Rev. Code, § 811, made applicable to any transfers previously made. That amendment is not retroactive. Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858.

 It is also said that as to the additions to the trust the trial court failed to make the requisite findings to support the judgment. It is true that there are no findings in so many words that those transfers were not made in contemplation of death. Yet the other findings show that the settlor had no change in thought or purpose in making those additions and it is implicit in them that the court found the situation regarding the settlor's dominant motive in respect to the making of them the same as that in respect to the original transfers. See, United States v. Wells, supra, 283 U.S. at pages 111, 112, 51 S.Ct. at page 446, 75 L.Ed. 867. As the government has made no distinction as to includability in the gross estate between additions before the effective date of the Joint Resolution or of Sec. 803 of the Revenue Act of 1932 and the two made afterward, we do not now attempt to make any.

Judgment affirmed.