In the Matter of the Probate of the Last Will and Testament of ELIZABETH
SUPPLE, Deceased. HARRY J. SUPPLE, as Executor, etc., of ELIZABETH SUPPLE,
Deceased, Appellant; JOHN P. STEPHENS, and WILLIAM C. McCREERY, as Special
Guardian for Infant Parties, etc., Respondents.— Appeal from an order denying
petitioner appellant's application for an order vacating a decree of the Surrogate's
Court of Kings County admitting to probate the last will and testament of Elizabeth
Supple, deceased, dismissed, with ten dollars costs and printing disbursements
to each respondent, payable out of the estate, without prejudice to the right of the
appellant to apply in the Surrogate's Court to be relieved of his default and present
testimony. The proceeding was initiated by an order to show cause based upon
a petition and affidavit of the appellant. The respondent Stephens filed his own
and other affidavits in opposition to the motion and in rebuttal the petitioner
served replying affidavits. The surrogate held that a question of fact was pre-
sented that required testimony to be taken. Upon the hearing the appellant
moved that the surrogate disqualify himself because of a comment made in his
memorandum setting the matter down for a hearing. The motion was denied
and thereupon the appellant refused to offer any testimony. This resulted in the
order being granted on default. Appeal from such an order will not lie. Lazansky,
P. J., Johnston, Adel, Taylor and Close, JJ., concur.

In the Matter of the Appraisal under the Estate Tax Law of the Estate of
MARY A. WILLIAMS, Deceased. CITY BANK FARMERS TRUST COMPANY, as
Executor, etc., of MARY A. WILLIAMS, Deceased, Appellant; STATE TAX COM-
MISSION, Respondent.— In a transfer tax proceeding, the surrogate made an order
confirming the *pro forma* tax order, which included as part of the assets of the
estate the corpus of an irrevocable trust which the testatrix had created within
two years prior to her decease. The executor appeals from the order of confirma-
tion. Order of the Surrogate's Court of Kings County unanimously affirmed,
with costs to respondent, payable out of the estate. At the time testatrix created
the trust she undoubtedly had several motives corresponding to the many problems
pressing upon her. The creation of the trust, in conjunction with the execution
of her will, was intended as a solution of all her problems in the most economical
and efficient manner. It clearly appears from all the proof that her dominant
purpose in creating the trust at the same time that she executed her will was to
make a final disposition of all her property to take effect after her death. It was
a disposition in contemplation or expectation of death even though death at the
time was not imminent. In view of the provisions of the trust agreement and the
advanced age of the testatrix, she must have anticipated that in all probability
the beneficiaries of the trust would receive the corpus thereof after her death.
Under all the circumstances, it must be held that the trust in fact was merely a
substitute for a testamentary disposition and as such it is taxable. (Tax Law,
§ 249-r; *United States* v. *Wells*, 283 U. S. 102.) In any event, the executor has
failed to rebut the statutory presumption that the trust was created in contem-
plation or expectation of death. The motives shown by the executor were as
consistent with a testamentary disposition as with an ordinary gift *inter vivos*.
This is insufficient to rebut the statutory presumption. (*Land Title & Trust
Co.* v. *McCaughn*, 7 F. Supp. 742; revd., 79 F. [2d] 602, which was reversed *sub
nom. McCaughn* v. *Real Estate Land Title & Trust Co.*, 297 U. S. 606.) In our
opinion the dominant purpose and motive of testatrix in creating the trust was
to make a testamentary disposition. Present — Lazansky, P. J., Hagarty, John-
ston, Adel and Taylor, JJ.