**HELLER et al. v. DISTRICT OF COLUMBIA.**

No. 11104.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 11, 1952.

Decided Sept. 4, 1952.

Albert Philipson, Washington, D. C., with whom David G. Bress, Washington, D. C., was on the brief, for petitioners. Alvin L. Newmyer, Washington, D. C., also entered an appearance for petitioners.

George C. Updegraff, Asst. Corporation Counsel for the District of Columbia, Washington, D. C., with whom Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Asst. Corporation Counsel, and George F. Lynch, Asst. Corporation Counsel, Washington, D. C., were on the brief, for respondent.

Before CLARK, WILBUR K. MILLER and PROCTOR, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Miss Pauline Baum died April 30, 1949, shortly before her eighty-third birthday. Three items of property, which during her life she had given to her nephew, Lawrence J. Heller, his wife and their five children, were intentionally omitted from the District of Columbia inheritance tax return .filed with respect to her estate, on the theory that they were not owned by her at death and, therefore, were not properly includible in her gross estate for inheritance taxation. The District tax authorities decided the items should have been included and assessed additional inheritance taxes computed on their valuation. On appeal by the transferees, the Board of Tax Appeals for the District of Columbia (now the District of Columbia Tax Court) upheld the additional assessment. We are asked to review and reverse its ruling.

The pertinent portion of the applicable statute, § 47–1601 D.C.Code 1940, is as follows:

"Taxes shall be imposed in relation to estates of decedents, the shares of beneficiaries of such estates, and gifts as hereinafter provided:

"(a) All * * * property, or any interest therein, having its taxable situs in the District of Columbia, transferred from any person who may die seized or possessed thereof, either by will or by law, or by right of survivorship, and all such property, or interest therein, transferred by deed * * * [or] gift, * * * made or intended to take effect in possession or enjoyment after the death of the decedent, or made in contemplation of death, to or for the use of, in trust or otherwise (including property of which the decedent has retained for his life * * * (1) the possession or enjoyment of, or the right to the income from such property * *)
* * * * * *

"(h) The transfer of any property, or interest therein, within 2 years prior to death, shall, unless shown to the contrary, be deemed to have been made in contemplation of death."

Two of the three items of property involved were transferred by Miss Baum less than two years before her death: (a) on July 2, 1947, she conveyed certain real estate to Lawrence J. Heller and Agnes, his wife, in fee simple; (b) on March 22, 1948, she gave Lawrence a promissory note receivable which was secured by a vendor's lien on realty theretofore conveyed by her to another. The statutory presumption is that these two transfers, made by Miss Baum less than two years before she died, were made by her in contemplation of death and the transferees had the burden of showing the contrary. Whether the transfers were made in such contemplation is in this case, as it is in all cases, a factual question.[1]

After hearing evidence, the Board of Tax Appeals made findings of fact, quite in detail, which included the following:

"24. The transfer of lot 34 in Square 454 of July 2, 1947, referred to in Finding of Fact numbered 8, and the transfer of the $25,000 promissory note, referred to in Finding of Fact numbered 16, were made by decedent in contemplation of death."

The Board then concluded as a matter of law that the two transfers were subject to the inheritance tax.

Our appellate function in a case like this was clearly defined when the Supreme Court said, in District of Columbia v. Pace, 1944, 320 U.S. 698, 703, 64 S.Ct. 406, 408, 88 L.Ed. 408, that this court

"* * * has power to review decisions of the Board of Tax Appeals as under the equity practice in which the whole case, both facts and law, is open for consideration in the appellate court, subject to the longstanding rule that findings of fact are treated as presumptively correct and are accepted unless clearly wrong."

No purpose would be served by reciting the somewhat conflicting proof which was before the Board. Suffice it to say we have carefully considered the evidence and find in it ample support for the factual findings filed by the trial tribunal. Since we cannot say the Board was clearly wrong, we must accept its findings of fact, including its controlling determination that the two transfers now being discussed were made in contemplation of death. That being true, we must affirm the Board's conclusion of law that the two transfers were taxable.

A third transfer, which the Board of Tax Appeals also held taxable, remains to be considered. By deed dated and recorded June 1, 1942, Miss Baum conveyed certain real estate to Lawrence J. Heller and his wife, in trust for the purposes stated therein. The trustees were directed to

1. McCaughn v. Real Estate Land Title & Trust Co., 1936, 297 U.S. 606, 56 S. Ct. 604, 80 L.Ed. 879; Allen v. Trust Co., 1946, 326 U.S. 630, 636, 66 S.Ct. 389, 90 L.Ed. 367.

pay the net income to Miss Baum throughout her life and, after her death, to use it for the benefit of the trustees' five children, each to receive his proportionate part of the corpus as he reached the age of thirty years. The portion of the statute which is quoted above expressly provides that such retention of an interest for life by the settlor makes the trust property includible in his gross estate for inheritance tax purposes.

But, on January 28, 1949, some three months before her death, Miss Baum executed a document renouncing her retained right to the income in favor of the Heller children. As a result of that action, the petitioners say, Miss Baum had no interest in the trust property àt the time of her death, and it should not be included in her taxable estate. Whether so or not depends upon whether she relinquished her life right to the income in contemplation of her death; for, if she did, the transfer in trust continued to be taxable. Obviously she could not render non-taxable a previous transfer which was clearly taxable by renouncing, in contemplation of death, the reserved interest which had made it taxable. It has been so held. Allen v. Trust Company, 1946, 326 U.S. 630, 633, 66 S.Ct. 389, 90 L.Ed. 367. See also In re Thurston's Estate, 1950, 36 Cal.2d 207, 223 P.2d 12, 14, where it was said:

> "Even though a tax attaches to a transfer when the transferor has reserved a life estate in the property, however, it can be avoided by the subsequent relinquishment of the life estate before the death of the transferor, *if such relinquishment is not made in contemplation of death*." (Emphasis supplied.)

The Board of Tax Appeals found as a fact, upon ample evidence, that Miss Baum executed the document of renunciation in contemplation of death and said in its opinion:

> "There remains for consideration the effect of the document executed on January 28, 1949, * * *
>
> "A short and simple solution to this question is, that this document was ex-

ecuted in contemplation of death and for the very purpose of avoiding the tax liability here asserted with respect thereto. It was executed within a little more than three months prior to decedent's death and after the various other transactions and incidents hereinabove referred to. The same considerations which lead to the conclusion that those transactions were made in contemplation of death apply with even stronger force to the execution of this document."

We think the Board of Tax Appeals was correct in holding the trust property properly includible in the decedent's gross estate for inheritance taxation.

Affirmed.