**BRANUM et ux. v. CAMPBELL.**

No. 14721.

United States Court of Appeals
Fifth Circuit.

March 19, 1954.

Chas. D. Turner, Turner, Rodgers, Winn, Scurlock & Terry, Dallas, Tex., for appellants.

John C. Ford, Asst. U. S. Atty., Dallas, Tex., H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., Frederic G. Rita, Sp. Asst. to Atty. Gen., Robert B. Ross, Sp. Assts. to Atty. Gen., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment denying the taxpayer's claim for a refund of income taxes paid on a capital gain. On February 10, 1948, the taxpayer entered into a contract, effective April 1, 1948, by which he agreed to sell to C. T. Green a one-half interest in his brokerage business for $15,000. The contract provided that the business was to be operated on a partnership basis for an indefinite period of years unless sooner terminated by operation of law or by agreement of the parties. On September 30, 1948, a second contract was entered into which provided for the dissolution of the partnership and the payment by the taxpayer of $15,000 to Green for the latter's interest in the business. It provided further that Green's one-half interest in the accounts receivable should be paid to him as the proceeds were collected.

The taxpayer filed a joint income tax return with his wife for the year 1948, but did not report any taxable gain on the sale of his business. By way of explanation, he attached to the return a statement to the effect that he had sold a one-half interest in his business with the understanding that, if the partnership relation proved to be unsatisfactory, he would reimburse the purchaser; that the partnership had proved to be unsatisfactory; and that he had repurchased Green's one-half interest for $15,000.

The Commissioner did not accept the explanation, and increased the taxpayer's net income by $7,052.33, reflecting the gain realized on the sale. If there was a completed sale, the computation of the gain from the initial sale is undisputed. The Commissioner made the adjustment because the sale by the taxpayer on April 1, 1948, was a taxable transaction, and his repurchase of the one-half interest on September 30, 1948, was a separate transaction which resulted in the taxpayer's obtaining an increased basis in one-half of his business, but which had no effect on the taxable status of the gain realized from the original sale. The taxpayer paid the deficiency and penalty, and sued the Collector for a refund. The court below sustained the Commissioner's determination, and the taxpayer appeals.

The issue presented is whether the evidence supports the court's finding that the taxpayer sold a one-half interest in his business, which resulted in a taxable gain. The taxpayer contends that the sale of April 1, 1948, was conditioned upon an oral agreement that Green would earn not less than $1,000 per month, and that, if the relationship proved unsatisfactory, the contract might be dissolved and the $15,000 refunded to him. Consequently, the taxpayer urges that there was no taxable gain, as the $15,000 was refunded.

The words and the tenor of the contract are definite. There is no reservation of title and no indication of a conditional or provisional agreement between the parties. By its terms, a sale of one-half of the business was accomplished and a partnership formed. There is no mention of an oral agreement either in the contract forming the partnership or the agreement dissolving the partnership. The purchase price was paid in full, and the contract of April 1, 1948, specifically provided that title to the one-half interest in the business vested in the purchaser Green.

We think the evidence amply supports the findings by the court below that there was a completed sale, which was a separate and distinct transaction from the dissolution of the partnership, and that the gain realized upon the sale was properly included in the taxpayer's gross income as a capital gain. McCaughn v. Real Estate Land Title & Trust Co., 297 U.S. 606, 56 S.Ct. 604, 80 L.Ed. 879; Commissioner of Internal Revenue v. Union Pacific R. Co., 2 Cir., 86 F.2d 637; United States v. Union Trust Company of Indianapolis, 7 Cir., 90 F.2d 702; Rip-

ley Realty Co. v. Commissioner, 23 B.T.A. 1246, affirmed, 2 Cir., 61 F.2d 1038; Bancitaly v. Commissioner, 34 B.T.A. 494, 514–516.

The judgment appealed from is affirmed.

Affirmed.