Ben REEVES, Plaintiff,

v.

UNITED STATES, Defendant.

Civ. A. No. 1466-N.

United States District Court
M. D. Alabama, N. D.
May 29, 1959.

Oliver W. Brantley, Troy, Ala., and Frank W. Riggs, III, Montgomery, Ala., for plaintiff.

Hartwell Davis, U. S. Atty., and Paul L. Millirons, Asst. U. S. Atty., Montgomery, Ala., for defendant.

JOHNSON, District Judge.

This cause is now submitted upon the pleadings, the written stipulation of the parties filed herein on May 20, 1959, the oral arguments, and the written briefs. Upon consideration thereof, this Court now proceeds in this memorandum opinion to make the appropriate findings of fact and conclusions of law.

Plaintiff, in filing this action, claims of the defendant, the United States, the sum of $807.67, with interest from October 24, 1955, due on account of income taxes overpaid for the year 1953. This plaintiff says he paid to this defendant on March 15, 1954, the correct income tax due for the year 1953 and that the United States, acting through the Commissioner of Internal Revenue, erroneously determined that plaintiff owed a deficiency for said tax year, and upon an appropriate demand being made·

of this plaintiff by the United States, this plaintiff paid the amount of the deficiency assessment. A claim for refund was duly made and denied. Plaintiff says that the denial thereof was improper. The plaintiff's theory in claiming that the assessment was erroneous is that a certain transaction that occurred between this plaintiff and his partners in business in the year 1951 was such that there was no capital gain by this plaintiff from the sale of plaintiff's one-half interest in this partnership business to his partners. The United States, on the other hand, treated as taxable income an item of $2,188.17, which item represents one-half of the alleged capital gain from the sale of plaintiff's interest in said partnership. The plaintiff says said sale was rescinded several days after it was made and that said rescission was in good faith and, therefore, no taxable capital gain was realized by this plaintiff from this transaction.

The parties stipulate and agree that this matter is submitted without a jury and is to be submitted upon the stipulation and the pleadings.

This Court finds:

During the year 1951, plaintiff, L. G. Bassett, and Harold Collins, formed a partnership for the operation of a mercantile business in Troy, Alabama, under the firm name of The Corner. Plaintiff owned a 50% interest in the business. Bassett and Collins owned 25% each. Profits and losses were distributable in accordance with this capital contribution.

The operation of the business was divided into a grocery department and a dry goods department. From the beginning of the partnership, plaintiff actively supervised the business. Pugh Starling was employed as a full time manager of the grocery department. Plaintiff's wife was full time manager of the dry goods department. Bassett and Collins were not actively employed in the business.

During the month of August, 1953, the partners decided to terminate the partnership. Pursuant to this decision, plaintiff made a written offer to Bassett and Collins on or about August 31, 1953, to purchase their interests or sell his own interest for $19,000. Four days later, Bassett advised plaintiff that he and Collins elected to purchase plaintiff's interest. At that time a check for $19,000 was tendered to plaintiff. Plaintiff accepted the offer and deposited the check in his personal bank account.

On the following day, plaintiff commenced negotiations for rental of a commercial building one block away from The Corner. He secured a one-year lease on this building for $85 per month, or $1,020 per year, for the purpose of establishing a similar business competitive with The Corner. At this same time plaintiff discussed with Pugh Starling hiring him to manage the grocery department of the new business.

On the same day, upon learning that plaintiff had secured a commercial lease and had discussed employment with Starling, Bassett inquired of plaintiff whether he intended to open a competing business. Plaintiff replied that he did.

Two days after this discussion, or three days after delivery of the check, Bassett approached plaintiff and stated, "This is not going to do. There is not enough business for both of us. Will you rue back with me?" Plaintiff advised he would if he could reinstate the loan which he had tentatively arranged at the time of his original buy or sell offer. Later on the same day, plaintiff told Bassett he could obtain the necessary loan and he would agree to the above request if no money had been taken out of the business since the time when Bassett and Collins had delivered their check and if Bassett and Collins would compensate him for the obligation he had incurred in securing the commercial lease.

After some negotiation, it was agreed that plaintiff would be reimbursed $510, 50% of the annual rental on the lease. Plaintiff requested a few days to arrange for the money. The parties consummat-

ed this agreement one week later when plaintiff delivered to Bassett and Collins a check for $37,490 and Bassett and Collins surrendered to plaintiff occupation and control of the business.

During the interim between delivery of the check of Bassett and Collins to plaintiff and the delivery of plaintiff's check to Bassett and Collins, all receipts of the business were deposited in the bank account of the business. No disbursements were made during this period except for payroll and accounts. There were no withdrawals by Bassett or Collins.

This Court concludes that it has jurisdiction of this matter and of the parties hereto.

This Court further concludes that when this plaintiff accepted the check from Bassett and Collins in the amount of $19,000, the sale of plaintiff's interest in this partnership was completed. This Court further concludes that said sale was a taxable transaction and resulted in a taxable gain to this plaintiff. This Court further concludes that the treatment by defendant as taxable income of the item of $2,188.17, which sum represented one-half of the capital gain from the sale of plaintiff's interest, was a proper treatment of this transaction. This Court's conclusion that said sale was a completed one is based upon the fact that payment in full was made to the plaintiff for his interest in the business, the payment being in the amount of the check and said check was deposited in this plaintiff's personal bank account. The conclusion is based upon the further fact that there was no reservation of title in this plaintiff and there was no indication of any conditional or provisional agreement between this plaintiff and the purchasers of his inter-

est, Bassett and Collins. There is no question but that this sale was to transfer, without any reservation, plaintiff's one-half interest in this business to the other two partners.

This Court further concludes that there was no rescission of this transaction, but, instead, there was a new and completely different transaction whereby Bassett and Collins sold to this plaintiff, a few days later, the entire partnership business. This second and completely new transaction was undoubtedly based upon the fact that this plaintiff was going into a similar business, which business was to be competitive with the business he had just relinquished his interest in and was to be located only one block away from his former business. This conclusion that the second transaction was an entirely new transaction and was completely separate from the first, as distinguished from a rescission of the first transaction, is based upon the fact that the circumstances had changed to such an extent that Bassett and Collins paid to this plaintiff an additional sum of $510, which sum represented 50% of the annual rental on the lease, to get this plaintiff to go through the new transaction with them, whereby this plaintiff bought all of the partnership from Bassett and Collins.

The conclusion reached by this Court upon the facts as above recited is in accord with the case of Branum v. Campbell, 5 Cir., 1954, 211 F.2d 147.

Upon consideration of the foregoing and for good cause shown, it is the Order, Judgment and Decree of this Court that the plaintiff have and recover nothing of this defendant and that the costs of court incurred herein be and the same are hereby taxed against this plaintiff, for which execution may issue.