Harry G. Herman, S.
The executor has taken an appeal from a pro forma order dated June 28, 1962 claiming the erroneous inclusion in decedent’s gross estate by the State Tax Commission of certain shares of stock in family-owned corporations concededly valued at $114,480. The appraiser had added this amount in his report as having been made within three years of decedent’s death on July 9, 1958, and in contemplation of death under subdivision 12 of section 249-r of the Tax Law. With the exception of stock valued at $8,460, given to her daughter-in-law and grandchildren, the remainder of $106,020 had been given by decedent to her only child, Daniel, who had been and was giving his full time to the family enterprises. The transfers in question had been made on January 16, 1956 some six months before decedent’s husband died and two and a half years prior to her own death.
The executor attempted to rebut the statutory presumption by testimony through the family attorney, the sole witness, that the transfers in question, as well as prior transfers of stock made both by the decedent and her husband, were part of a plan going back to 1953 to retain their son’s interest and activities in the family business and discourage him from embarking^on his own ventures. The gifts prior to the period in question were relatively small; the transfers in January, 1956, resulted in the son and his family owning the greater part of the issued stock in all four corporations and more than his father who had originated the family businesses. The decedent herself had not been active in the business; she was about 68 years old when she died from an acute coronary occlusion, had suffered from an arteriosclerotic heart condition for many years, had been hospitalized at least on three occasions, and had been confined to her home frequently during the dozen years prior to her death.
*208 The establishment of facts such as asserted here that the decedent and her husband were fearful that Daniel would embark on his own business ventures and not take over the family enterprises and that the transfers in question were in furtherance of that plan and to insure Daniel’s full interest in the family corporations, is a purpose that has been recognized as rebutting the presumption (see Harris, Handling Federal Estate Taxes, §§ 129, 131). The State Tax Commission however takes the position that in view of the decedent’s illness, her advancing age and the release of virtually all of her assets through these transfers the motive of the decedent was to dispose of her property as in a testamentary disposition. The statute in question becomes operative if the motive of the decedent is predicated upon death, not the imminence of death but if the thought of death is the “impelling cause of the transfer ” (United States v. Wells, 283 U. S. 102, 118).
The sole witness was the attorney for the estate who had represented the family and the corporations for many years, but significantly the son who was the beneficiary of the asserted plan to keep him engaged in the family enterprises through these transfers did not testify, nor did anyone else conversant with the situation appear, nor were the transfer books or stock certificate books of the corporations produced which conceivably could have given some substance to the appellant’s proof.
The court cannot escape the conclusion that the motive of the decedent and the purpose of making the transfers were as consistent with a testamentary disposition as with an ordinary inter vivos gift; but this is insufficient to rebut the statutory presumption (Matter of Williams, 262 App. Div. 1026; Matter of Murphy, 30 Misc 2d 85). There being insufficient evidence to rebut the statutory presumption, the order of June 28, 1962 is affirmed.